[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 43.]

THE STATE OF OHIO, APPELLANT, *v.* CHINTALAPALLI, APPELLEE.

[Cite as *State v. Chintalapalli*, 2000-Ohio-266.]

*Criminal law—Offenses against the family—Nonsupport of dependents—Act of failing to provide child support occurs in at least two venues—R.C. 2919.21(A)(2), construed.*

The act of failing to provide child support occurs in at least two venues: (1) the place where the defendant resides, and (2) the place where the defendant was required to perform a legal obligation. (R.C. 2919.21[A][2], construed.)

(No. 98-2688–Submitted October 19, 1999–Decided February 16, 2000.)

APPEAL from the Court of Appeals for Erie County, No. E-97-148.

_____

{¶ 1} Anadaramagupta Chintalapalli and Laurie Chintalapalli were married in Bangalore, India, and moved to Sandusky in Erie County in 1979. The Chintalapallis subsequently had two children; both children were born in Ohio. Mr. and Mrs. Chintalapalli divorced in 1985. The divorce decree, given by the Erie County Court of Common Pleas, ordered Mr. Chintalapalli to make child support payments through the Child Support Enforcement Agency of Erie County, Ohio ("CSEA").

{¶ 2} After the divorce, Mrs. Chintalapalli and the children moved to Erie, Pennsylvania, and Mr. Chintalapalli moved to an unknown location. Mr. Chintalapalli did not make child support payments, and CSEA's numerous attempts to contact and advise Mr. Chintalapalli of his arrearage were unsuccessful.

{¶ 3} Mr. Chintalapalli was tried in the Erie County Court of Common Pleas on three counts of nonsupport of dependents under R.C. 2919.21(A)(2). Mr. Chintalapalli moved for acquittal under Crim.R. 29, contending that no evidence

was offered to prove that he committed any offense in Erie County. His motion was denied. Mr. Chintalapalli was found guilty of all three counts and was sentenced to three consecutive terms of incarceration of eighteen months each.

{¶ 4} The Sixth District Court of Appeals reversed, holding that the acts of omission giving rise to the violations took place outside Ohio and, therefore, that the trial court lacked jurisdiction. Mr. Chintalapalli also assigned as error improper venue of the trial court, which error the court of appeals declared moot.

{¶ 5} The cause is now before this court upon the allowance of a discretionary appeal.

———————————

*Kevin J. Baxter*, Erie County Prosecuting Attorney, for appellant.

*Kreig J. Brusnahan*, for appellee.

———————————

**PFEIFER, J.**

{¶ 6} The issues in this case are whether the trial court in Erie County properly exercised jurisdiction over Mr. Chintalapalli even though he and his family resided outside Ohio when he failed to make required child support payments, and, if jurisdiction was present, whether venue was proper. For the reasons that follow, we conclude that the trial court properly exercised jurisdiction over Mr. Chintalapalli. We also conclude that Erie County was a proper venue for the trial.

{¶ 7} R.C. 2901.11(A)(4) provides that a person is subject to criminal prosecution and punishment in Ohio if "[w]hile out of this state, the person omits to perform a legal duty imposed by the laws of this state, which omission affects a legitimate interest of the state in protecting, governing, or regulating any person, property, thing, transaction, or activity in this state."

{¶ 8} R.C. 2901.12(A) states that "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed."

{¶ 9} R.C. 2919.21(A)(2) provides that no person shall abandon, or fail to provide adequate support to "[t]he person's child who is under age eighteen        * * *."

{¶ 10} Mr. Chintalapalli does not dispute that he failed to support his children pursuant to a valid child support order and thereby violated R.C. 2919.21(A)(2).  He argues that he cannot be prosecuted for that violation because it was not proven that the offense occurred within this state, relying on *State v. Rosenstock* (Dec. 7, 1995), Franklin App. No. 95APA05-517, unreported, 1995 WL 723535, which stated that under R.C. 2919.21(A)(2), "failing to provide adequate support takes place where the criminal defendant resides because that is where a defendant's failure to perform the required act fairly can be said to occur."  We are not persuaded by this argument because *Rosenstock* did not consider the import of R.C. 2901.11(A)(4).

{¶ 11} R.C. 2901.11(A)(4) provides that a person may be convicted of a crime in Ohio, if "[w]hile out of this state, the person omits to perform a legal duty imposed by the laws of this state."  Mr. Chintalapalli was obligated to pay child support through the CSEA, and his relocation to another state does not obviate that obligation.

{¶ 12} We conclude that the act of failing to provide support occurs in at least two venues:  (1)  the place where the defendant resides, see *Rosenstock*, and (2) the place where the defendant was required to perform a legal obligation,  R.C. 2901.11(A)(4).  See *State v. Gantt* (1996), 201 Wis.2d 206, 548 N.W.2d 134.  Mr. Chintalapalli had an obligation to adequately support his children; he failed to do so.  R.C. 2919.21(A)(2).  Thus, at least one element of the offense occurred in this

state. R.C. 2901.11(A)(1). Accordingly, we conclude that the trial court did not abuse its discretion by asserting jurisdiction over Mr. Chintalapalli.

{¶ 13} We turn now to the issue of whether venue was proper. "In the prosecution of a criminal case, it is not essential that the venue of the crime be proved in express terms, provided it be established by all the facts and circumstances, beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the affidavit." *State v. Gribble* (1970), 24 Ohio St.2d 85, 53 O.O.2d 222, 263 N.E.2d 904, paragraph two of the syllabus. Venue is satisfied where there is a sufficient nexus between the defendant and the county of the trial. *State v. Draggo* (1981), 65 Ohio St.2d 88, 92, 19 O.O.3d 294, 296, 418 N.E.2d 1343, 1346.

{¶ 14} Mr. Chintalapalli lived with Mrs. Chintalapalli in Erie County, Ohio. Mrs. Chintalapalli gave birth to their children in Erie County. The divorce decree that obligated Mr. Chintalapalli to make child support payments was issued in Erie County. The CSEA collects the payments Mr. Chintalapalli is required to pay in Erie County. When Mr. Chintalapalli does not make child support payments, part of that act occurs in Erie County. These facts provide ample evidence to establish a sufficient nexus between Mr. Chintalapalli and Erie County. We conclude that the trial court did not abuse its discretion by finding that Erie County, Ohio, was a proper venue for this case. Accordingly, the judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed*

*and trial court judgment reinstated.*

MOYER, C.J., DOUGLAS, BROGAN, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

JAMES A. BROGAN, J., of the Second Appellate District, sitting for RESNICK, J.

————————————