DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Eric G. Vanderpoll has appealed from a decision of the Summit County Court of Common Pleas that denied his motion to dismiss. This Court affirms.
 I {¶ 2} On February 2, 2005, an indictment was filed against Defendant-Appellant Eric G. Vanderpoll for two counts of felony nonsupport in violation of R.C. 2919.21(A)(2)/(B), both felonies of the fifth degree. On June 10, 2005, Appellant entered "not guilty" pleas to both counts of the indictment.
 {¶ 3} On June 20, 2005, Appellant filed a motion to dismiss the indictment pursuant to Crim.R. 12 and Crim.R. 48. Appellant alleged that the court lacked subject matter jurisdiction and that Summit County, Ohio was an improper venue because the child support order did not originate from Ohio and he does not live in Ohio. The State responded in opposition to Appellant's motion and the trial court denied Appellant's motion to dismiss.
 {¶ 4} On June 24, 2005, Appellant withdrew his former pleas and entered a "no contest" plea to one count of felony nonsupport in violation of R.C. 2919.21(A)(2)/(B). Upon motion by the State, the trial court dismissed the second count of the indictment. The trial court found Appellant guilty of one count of felony nonsupport and sentenced him accordingly.
 {¶ 5} Appellant has timely appealed the trial court's denial of his motion to dismiss, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS INDICTMENT, AS THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION AND SUMMIT COUNTY WAS AN IMPROPER VENUE."
 {¶ 6} In his sole assignment of error, Appellant has argued that the trial court erred in denying his motion to dismiss. Specifically, Appellant has argued that the trial court lacked subject matter jurisdiction and that the case was heard in an improper venue. We disagree.
 {¶ 7} This Court reviews a trial court's decision to deny a motion to dismiss de novo. State v. Stallings,150 Ohio App.3d 5, 2002-Ohio-5942, at ¶ 6, citing State v. Benton (2000),136 Ohio App.3d 801, 805. Under the de novo standard of review, we give no deference to the trial court's legal conclusions.Indiana Ins. Co. v. Forsmark, 160 Ohio App.3d 277,2005-Ohio-1635, at ¶ 9.
 {¶ 8} Pursuant to R.C. 2919.21:
"(A) No person shall abandon, or fail to provide adequate support to:
"* * *
"(2) The person's child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one;
"* * *
"(B) No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support."
It is undisputed that Appellant was under an order to pay child support and that he failed to pay said support. It is also undisputed that the children at issue are residents of Ohio. The issue in this matter is that the order to pay child support originated in British Columbia, Canada and that Appellant is a resident of British Columbia, Canada. Based on those facts, Appellant has argued that the trial court lacked subject matter jurisdiction over this case.
 {¶ 9} To maintain a criminal action against a person, the court must have subject matter jurisdiction. Pursuant to R.C.2901.11:
"(A) A person is subject to criminal prosecution and punishment in this state if any of the following occur:
"(1) The person commits an offense under the laws of this state, any element of which takes place in this state.
"* * *
"(4) While out of this state, the person omits to perform a legal duty imposed by the laws of this state, which omission affects a legitimate interest of the state in protecting, governing, or regulating any person, property, thing, transaction, or activity in this state."
 {¶ 10} Appellant has also argued that Summit County was not the proper venue. Venue is established by R.C. 2901.12. R.C.2901.12(A) provides that "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed."
 {¶ 11} Appellant's argument that the trial court lacked subject matter jurisdiction and was not a proper venue is based on the Ohio Supreme Court's decision in State v. Chintalapalli
(2000), 88 Ohio St.3d 43. In Chintalapalli, an Ohio court in Erie County issued a child support order requiring Mr. Chintalapalli to pay child support for his two children. Some time after the order, Mr. Chintalapalli moved to an unknown location and his ex-wife and their children moved to Pennsylvania. Mr. Chintalapalli was subsequently indicted for felony nonsupport in Erie County and he fought subject matter jurisdiction and venue because he and his children were no longer living in Ohio. The appellate court determined that subject matter jurisdiction was lacking and the State appealed. The Ohio Supreme Court took the appeal on the following issue: "whether the trial court in Erie County properly exercised jurisdiction over Mr. Chintalapalli even though he and his family resided outside Ohio when he failed to make required child support payments, and, if jurisdiction was present, whether venue was proper." Chintalapalli, 88 Ohio St.3d at 44. The court concluded that "the act of failing to provide support occurs in at least two venues: (1) the place where the defendant resides * * *, and (2) the place where the defendant was required to perform a legal obligation." (Citations omitted). Id. at 45. While we recognize that Chintalapalli remains good law, we do not find it dispositive of the facts in the instant matter.
 {¶ 12} The issue as laid out in the body of Chintalapalli
states that the court was reviewing if subject matter jurisdiction exists when all the parties involved, including the children, live outside of Ohio, which is unlike the instant matter. The children at issue in the instant matter have lived in Summit County, Ohio for several years. Moreover, inChintalapalli the listed locations where subject matter jurisdiction may properly be found in felony nonsupport cases is illustrative and not exhaustive; the holding specifically states "the act of failing to provide support occurs in at least two venues." Id. We find the Supreme Court's purposely chosen language of "at least two venues" indicates that subject matter jurisdiction can also be found in other venues. Accordingly,Chintalapalli does not dispose of the instant matter.
 {¶ 13} In State v. Wood, 3rd Dist. No. 8-99-11, 2000 WL 140831, the Third District Court of Appeals decided a case similar to the case sub judice. In Wood, the father/obligor and his ex-wife were married and divorced in Illinois and the support order was also established in Illinois. The ex-wife and the children at issue later moved to Ohio and the father/obligor was indicted in Ohio for felony nonsupport. He argued that Ohio lacked subject matter jurisdiction, but the court determined that subject matter jurisdiction could be established when the children at issue live in Ohio, but the father/obligor lives outside the state. Specifically, the Wood court found that "pursuant to [R.C. 2901.11], if any element of the appellant's crime of non-support occurred in this state, or while out of this state the appellant failed to perform a legal duty imposed by the laws of this state, we must find that he is subject to criminal prosecution and punishment in the State of Ohio." Id. at *3. The court relied on R.C. 2901.11's Committee Comment which stated in pertinent part that "[t]his section is designed to allow the state the broadest possible jurisdiction over crimes and persons committing crimes in or affecting this state[.]" (Quotation omitted.) Id. Moreover, "[a] plain reading of R.C. 2919.21(A)(2) reveals that a court order of support from this state is not a requirement for the prosecution of an individual under that section of the statute." Id. The Wood court noted that the children lived in Ohio, they suffered the consequences of the father/obligor's nonsupport in Ohio, and "the failure of the appellant to adequately support his child affects a legitimate interest of the state in protecting children that are residents of this state." Id.
 {¶ 14} Appellant has argued that Wood is not binding on this Court and was decided before Chintalapalli and therefore, we must follow Chintalapalli. We disagree. As previously discussed we do not find Chintalapalli dispositive of the facts of this case. Furthermore, we find it significant that the Ohio Supreme Court was given the opportunity to review Wood after it decided Chintalapalli and the Supreme Court declined to hear the appeal. See State v. Wood (2000), 89 Ohio St.3d 1426. Accordingly, we find that the Ohio Supreme Court had the opportunity to reverse Wood based on Chintalapalli and it declined to do so, which indicates that Wood is good law and may be adopted by other districts.
 {¶ 15} The First District Court of Appeals has also addressed the issue presently before this Court. In State v. Coley, 1st Dist. No. C-040031, 2004-Ohio-5498, the father/obligor and his ex-wife were married and divorced in Kentucky. The support order was also established in Kentucky. Coley's ex-wife later moved to Ohio with the child at issue and Coley was indicted for felony nonsupport in Ohio. The state argued that because the child established residency in Hamilton County, Ohio, the trial court had jurisdiction and venue to prosecute and punish Coley for nonsupport. Id. at ¶ 5. The First District agreed with the reasoning in Wood and held "that the Hamilton County Court of Common Pleas had jurisdiction to prosecute and punish Coley for criminal nonsupport, because his child resided in Ohio and had suffered the consequences of Coley's nonsupport in this state." Id. at ¶ 7.
 {¶ 16} After thorough review of the statutes and case law, we agree with the reasoning of the First and Third Appellate Districts and find that subject matter jurisdiction can exist in felony nonsupport cases when a father/obligor resides outside the state of Ohio and the children at issue reside in the state of Ohio. This subject matter jurisdiction exists regardless of where the support order was established. Our decision stems from our finding that Chintalapalli does not limit subject matter jurisdiction to the two examples contained in that case and our interpretations of the relevant statutes.
 {¶ 17} Having found that subject matter jurisdiction can generally exist when a father/obligor resides outside the state of Ohio and the children reside in the state of Ohio, we must now determine if subject matter jurisdiction exists in the instant matter. As Appellant was convicted of violating R.C. 2919.21, our analysis begins with that statute. We find it evident from the language of the statute that R.C. 2919.21 does not require an Ohio support order to prosecute for nonsupport. See R.C.2919.21(A)(2)/(B). Under section (A)(2) a support order is not even required and section (B) only requires "a court order", not an Ohio court order. Id. Accordingly, it is irrelevant that the support order in the instant matter is from British Columbia, Canada and we next consider R.C. 2901.11.
 {¶ 18} As previously mentioned, R.C. 2901.11 provides the circumstances under which subject matter jurisdiction exists. We initially note that we agree with Wood's reliance on the Committee Comment to R.C. 2901.11. See Wood, supra at *3. In the comment the committee explained that "[R.C. 2901.11] is designed to allow the state the broadest possible jurisdiction over crimes and persons committing crimes in or affecting this state[.]" R.C. 2901.11, 1974 Committee Comment to H 511. With that legislative intent in mind, we review the statute itself.
 {¶ 19} R.C. 2901.11(A)(1) allows subject matter jurisdiction when a law of this state is violated and any element of the offense occurs in this state. Section (A)(4) provides that subject matter jurisdiction exists when a person fails to perform a legal duty imposed by the laws of this state and that failure affects a legitimate state interest. R.C. 2901.11(A)(4). Given the intent of the legislative committee and the language of the statute, we find specifically that subject matter jurisdiction exists in this case and generally that subject matter jurisdiction is established under R.C. 2901.11 when an out of state father/obligor fails to support children who reside in this state. By failing to pay the support Appellant, the father/obligor, violated R.C. 2919.21, a law of this state, which satisfies the first portion of R.C. 2901.11(A)(1) and (A)(4). We find that the "any element of which takes place in this state" portion of R.C. 2901.11(A)(1) is satisfied by the fact that the children are residing in this state and Appellant failed to provide adequate support for them in this state. Moreover, the children are suffering the consequences of Appellant's actions in this state. See Wood and Coley, supra. We find the second portion of R.C. 2901.11(A)(4), "affects a legitimate interest of the state", is satisfied by this state's legitimate interest in the care and support of its minor citizens; that is, this state has a legitimate interest in protecting the children of this state from parents, like Appellant, who fail to support them. SeeWood, supra at *3. Based on the foregoing, we find that subject matter jurisdiction has been established in this case pursuant to R.C. 2901.11(A)(1) or (A)(4).
 {¶ 20} We also disagree with Appellant's assertion that Summit County is not the proper venue for this case. Pursuant to R.C. 2901.12, the trial of a criminal case must be held in the court having jurisdiction over the matter, and in the territory where the offense or any element of the offense was committed. As previously stated it is undisputed that the children in the instant matter reside in Summit County, Ohio; accordingly, it is in this state where the children are not receiving support. Additionally, it is here where the children have suffered the consequences of their father not paying his support obligation. Thus, we find Summit County, Ohio is the proper venue for this case.
 {¶ 21} Based on the foregoing, we find subject matter jurisdiction exists in the instant matter and that Summit County, Ohio is the proper venue. Accordingly, Appellant's sole assignment of error lacks merit.
 III {¶ 22} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J. Boyle, J. concur.