DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of two counts of nonsupport of dependents in violation of R.C. 2919.21(B) and (G)(1) and imposed a term of imprisonment. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth two assignments of error:
 {¶ 3} "Assignment of Error No. 1
 {¶ 4} "The trial court erred and abused its discretion by its order denying appellant's two motions to dismiss, asserting lack of personal and subject matter jurisdiction and preemption of state law by federal law.
 {¶ 5} "Assignment of Error No. 2
 {¶ 6} "The trial court erred, abused its discretion and ruled against the manifest weight of the evidence in convicting appellant without sufficient evidence."
 {¶ 7} Appellant, Robbin L. Fritz, and C. Elaine Sherman were divorced in the Lucas County Domestic Relations Court in 1985. The judgment entry of divorce ordered appellant to pay child support for the parties' two minor children in the amount of $50 per week, per child, plus poundage. Appellant subsequently moved to Florida and Sherman moved to Wood County, Ohio, with the children. The Lucas County Domestic Relations Court transferred jurisdiction to Wood County Domestic Relations Court. Sherman and the children moved to Pennsylvania in 1988 and Wood County transferred the case back to the Lucas County Domestic Relations Court.
 {¶ 8} Sherman in 1988 filed a petition for an order under the Uniform Reciprocal Enforcement of Support Act ("URESA"), pursuant to former R.C. Chapter 3115. As the initiating state, Ohio forwarded the petition to Palm Beach County, Florida, appellant's county of residence. Under the URESA scheme, Florida became the responding state. The Florida court then issued an "agreed order" enforcing the 1985 Lucas County Domestic Relations Court child support order. The Florida order conformed to the Lucas County order; it did not modify the Lucas County order, although it ordered appellant to pay toward arrearages.
 {¶ 9} In 1990, Sherman sought in the Lucas County Domestic Relations Court an upward modification of the 1985 child support order. The Lucas County court ordered a modification, increasing appellant's child support obligation to $167.40 per week, plus arrearages and poundage. In 1998, Sherman sought another URESA enforcement order from the court in Broward County, Florida, appellant's new county of residence. Again, the Florida court issued an enforcement order conforming to the Lucas County court order. It did not modify the Lucas County order. In March 2000, appellant filed two motions for relief from judgment, seeking relief from: (1) the 1990 Lucas County judgment modifying the child support amount upwards and (2) the 1998 Broward County, Florida, order conforming to the 1990 Lucas County order. The trial court denied appellant's motions and, on appeal, this court affirmed. Sherman v. Fritz (Aug. 3, 2001), 6th Dist. No. L-00-1303.
 {¶ 10} On January 30, 2004, appellant was indicted on two charges of nonsupport of dependents in violation of R.C.2919.21(B) and (G)(1), felonies of the fourth and fifth degree. The indictment alleged appellant had failed to provide support for 26 weeks out of 104 consecutive weeks between December 24, 1997, and January 29, 2004. Appellant was arrested in Florida and transported to Lucas County, Ohio. On August 6, 2004, appellant filed a motion to dismiss for lack of jurisdiction. The trial court denied appellant's motion on October 22, 2004, and on April 22, 2005, appellant filed a second motion to dismiss on the same basis as the first. Finding that it had fully addressed the issue of jurisdiction when it ruled on appellant's first motion to dismiss, the trial court denied the second motion on June 1, 2005.
 {¶ 11} The case proceeded to a bench trial and on June 15, 2005, the trial court found appellant guilty as to both counts. Appellant was ordered to serve 12 months as to count 1 and 17 months as to count 2, with the sentences to be served concurrently.
 {¶ 12} In his first assignment of error, appellant asserts the trial court erred by denying his two motions to dismiss the indictment. In support, appellant asserts, as he did in his motions to dismiss, that the indictment should have been dismissed because the state of Ohio no longer has jurisdiction over his child support order. This is the second time appellant has brought before this court the issue of the state of Ohio's jurisdiction over him with regard to his child support order. The first appeal was from the 2000 judgment of the Lucas County Court of Common Pleas, Domestic Relations Division. That judgment denied his motions for relief from the 1990 order of the Lucas County domestic relations court modifying the original child support amount and the 1998 Florida order conforming to the 1990 Lucas County order. Those are the same two orders he challenges in the instant appeal. Appellant claimed the Lucas County court did not have jurisdiction to order the 1990 modification because all of the parties had moved from Ohio. This court affirmed the trial court, finding that under URESA law in effect in 1990, courts did not lose jurisdiction when all parties moved from the state. Sherman v. Fritz, supra. Further, this court found that new laws as set forth in Ohio's Uniform Interstate Family Support Act ("UIFSA")[1] and the federal Full Faith and Credit for Child Support Enforcement Orders Act ("FFCCSOA")[2] do not apply retroactively. Based on the foregoing, this court concluded that, "since under the law as it existed in 1990, the Lucas County Domestic Relations Court did not lose jurisdiction to Florida or any other court, the Lucas County Domestic Relations Court had jurisdiction to modify the 1985 support order." Accordingly, we found that the trial court did not abuse its discretion in denying appellant's motions for relief from the 1990 modification order and from the 1998 enforcement order.
 {¶ 13} We note that this appeal is not from a decision of the Lucas County Domestic Relations Court, as was the 2000 appeal; it is from a judgment of the Lucas County Court of Common Pleas, General Division, finding appellant guilty of nonsupport of dependents. However, despite this appeal originating from a criminal conviction, the issues before us are the same. Once again, appellant appeals the lower court's rejection of his claim that Ohio does not have jurisdiction over his child support order. We find that our interpretation of the law as set forth in our 2001 decision in Sherman v. Fritz, supra, is directly applicable to the instant appeal. The trial court in this case — as well as this court in our 2001 decision — thoroughly considered the issue of jurisdiction over appellant's child support order. Appellant's former wife has been seeking to enforce the 1990 support modification, made before the FFCCSOA and UIFSA were enacted. This court has held that the FFCCSOA and UIFSA, which allow for a trial court that issued an original support order to lose jurisdiction in certain circumstances, including when all parties move from the state, do not applyretroactively. See Sherman v. Fritz. See, also, State v.Chintalapalli (2000), 88 Ohio St.3d 43, which held, based on R.C. 2901.11(A)(4), that father's relocation to another state — and the fact that his children resided outside of Ohio — did not obviate his legal duty to pay child support imposed by the laws of Ohio. On authority of our decision in Sherman v. Fritz, we find that the trial court did not err by denying appellant's motions to dismiss and, accordingly, appellant's first assignment of error is not well-taken.
 {¶ 14} In his second assignment of error, appellant asserts his conviction was "against the weight of the evidence * * * without sufficient evidence." Appellant argues the state did not produce sufficient evidence to prove nonsupport and prejudicially used his prior conviction as a basis for the finding of guilt in this case. Although appellant states his assignment of error in terms of both weight of the evidence and sufficiency of the evidence, his argument in support addresses only the sufficiency of the evidence. Therefore, we will evaluate his claimed error pursuant to the sufficiency of the evidence standard.
 {¶ 15} Appellant was charged with two counts of violating R.C. 2919.21 (B) and (G)(1), nonsupport of dependents. The first count was a fifth-degree felony and the second was a fourth-degree felony, based on appellant's prior conviction of a violation of the same section.
 {¶ 16} R.C. 2919.21 states as follows:
 {¶ 17} "(B) No person shall abandon, or fail to provide support as established by a court order, to another person whom, by court order or decree, the person is legally obligated to support.
 {¶ 18} "* * *
 {¶ 19} "(G)(1) Except as otherwise provided in this division, whoever violates division (A) or (B) of this section is guilty of nonsupport of dependents, a misdemeanor of the first degree. If the offender previously has been convicted of or pleaded guilty to a violation of division (A)(2) or (B) of this section or ifthe offender has failed to provide support under division (A)(2)or (B) of this section for a total accumulated period oftwenty-six weeks out of one hundred four consecutive weeks,
whether or not the twenty-six weeks were consecutive, then a violation of division (A)(2) or (B) of this section is a felony of the fifth degree. If the offender previously has beenconvicted of or pleaded guilty to a felony violation of thissection, a violation of division (A)(2) or (B) of this section isa felony of the fourth degree. * * *" (Emphasis added.)
 {¶ 20} The Supreme Court of Ohio has defined the proper standard of appellate review in examining a criminal conviction based upon an alleged failure to meet the "sufficiency of the evidence" standard. A reviewing court must determine whether the evidence submitted was legally sufficient to support the elements of the crime. State v. Thompkins, 78 Ohio St.3d 380, 386-387,1997-Ohio-52. The reviewing court must determine whether a rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt when viewing the evidence in a light most favorable to the prosecution. State v. Jenks (1991),61 Ohio St.3d 259, paragraph 2 of the syllabus. As this court has consistently affirmed, the trier of fact is vested with the discretion to weigh and evaluate the credibility of conflicting evidence in reaching its determination. It is not within the proper scope of the appellate court's responsibility to judge witness credibility. State v. Hill, 6th Dist. No. OT-04-035,2005-Ohio-5028, at ¶ 42.
 {¶ 21} The record shows that, prior to trial, the parties stipulated to a 1997 indictment that charged appellant with three counts of nonsupport of dependents in violation of R.C.2919.21(A)(2), (B) and (G)(1) in case no. G-4801-CR-0199703520. Janet Wilson, record keeper for the Lucas County Child Support Enforcement Agency, testified the agency audited appellant's file in February 2005. Wilson testified as to appellant's payment history from 1995 through January 2004 as reflected in a composite exhibit offered by the state and later admitted into evidence without objection. In 1998, the first full year included in the time frame of the indictment in this case, appellant owed total current child support of $8,704.80 and paid $2,732.65.[3] In 1999 and 2000, appellant owed the same amount each year; he paid $3,332.08 and $7,710.18 each year, respectively. In 2001, after one child was emancipated, appellant paid $6,466.12.[4] In 2002, appellant owed $4,352.40 and paid $3,463.20. In 2003, no payments were made. Appellant's younger child was emancipated that year. At that time, an arrearage amount was still owed. Appellant paid $300 in 2004. Wilson further testified that appellant owed $70,570 to the custodial parent, with approximately $24,000 of that amount representing spousal support.
 {¶ 22} Sherman testified that since the divorce she has received child support payments only sporadically. Appellant testified that he is currently paying $25.00 per week child support. He further testified that as a result of the 1997 nonsupport prosecution he was incarcerated for six months.
 {¶ 23} Upon consideration of the record as summarized above, we find the evidence submitted was legally sufficient to enable a rational trier of fact to find the elements of nonsupport of dependents proven beyond a reasonable doubt. The evidence before the trial court showed that appellant violated R.C. 2919.21(B) by failing to provide support as ordered by the court. Further, the records provided by witness Wilson showed that, from December 1997 through January 2004, appellant failed to provide support for many more than 26 weeks out of 104 consecutive weeks, in violation of R.C. 2919.21(G)(1). Finally, appellant himself testified as to his prior conviction for a felony violation of the nonsupport statute.
 {¶ 24} Accordingly, we find that the evidence was sufficient to support a conviction for nonsupport of dependents and this argument is without merit.
 {¶ 25} Appellant further argues the trial court erred by using his prior conviction as a basis for conviction in this case. The record reflects that the state offered into evidence a copy of the judgment entry reflecting appellant's 1999 conviction in the Lucas County Court of Common Pleas on one count of nonsupport of dependents in violation of R.C. 2919.21 (B) and (G)(1), a felony of the fifth degree. This exhibit was admitted into evidence without objection. As set forth above, R.C. 2919.21
(G)(1) states that if an offender previously was convicted of afelony violation of that section, a violation of division (A)(2) or (B) is a felony of the fourth degree. The provision elevating the offense from a fifth-degree felony to a fourth-degree felony is an element of the crime. In this case, appellant's 1999 felony conviction for violating this section elevated his current conviction to a fourth-degree felony. Thus, evidence of the prior conviction was relevant and was not admitted in error.[5]
 {¶ 26} Based on the foregoing, this court finds appellant's second assignment of error not well-taken.
 {¶ 27} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., concur.
[1] R.C. 3115.07.
[2] Section 1738B(d), (f), Title 28, U.S. Code.
[3] Arrearages are not included in these amounts owed.
[4] The record does not reflect the total amount of current supported owed in 2001.
[5] We note that appellant himself testified on direct examination as to his prior criminal nonsupport conviction.