OPINION *Page 2 
¶ {1} Defendant-appellant Jason Hollobaugh appeals the decision of the Mahoning County Juvenile Court which found him guilty of multiple sexual offenses. He raises issues concerning sufficiency and weight of the evidence and alleges that he was unduly prejudiced by the consolidation of two indictments concerning two different victims. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS ¶ {2} On April 21, 2006, a delinquency complaint was filed charging sixteen-year-old Jason Hollobaugh (hereinafter "appellant") with eleven counts of raping a child under thirteen, resulting in case number 06JA523. It was alleged that appellant engaged in sexual conduct with a male child (hereinafter "victim A") from 2003 through 2005, beginning when victim A was seven years old and appellant was fourteen years old.
¶ {3} On September 11, 2006, another complaint was filed charging appellant with four counts of raping a child under thirteen, resulting in case number 06JA1282. This victim (hereinafter "victim B") is the older brother of victim A. It was alleged that appellant engaged in sexual conduct with victim B from 2002 through 2005, beginning when victim B was eleven years old and appellant was thirteen years old.
¶ {4} The state moved to consolidate the two cases. Appellant filed a memorandum in opposition urging that he would be prejudiced by the joinder. On October 9, 2006, the magistrate granted the state's motion and consolidated the cases. The case was tried to a magistrate on January 22 and 23, 2007.
¶ {5} At trial, it was revealed that the victims and appellant were long-time neighbors in Youngstown, Ohio. The victims' family moved to Texas in June 2005 where their parents caught them engaged in some sexual act. Victim B was arrested, and during victim A's interview by children's services, he implicated appellant as sexually abusing him for years in the neighborhood. Some months later, victim B disclosed that appellant abused him as well. (Tr. 97-98).
¶ {6} More specifically, victim A testified that the sexual abuse by appellant started when victim A was seven years old and in first grade (making appellant fourteen at the time). (Tr. 21). Victim A estimated that he performed oral sex on *Page 3 
appellant ten times and that appellant performed anal sex on him twenty or more times. (Tr. 26-27). He described one of the alleged instances of appellant subjecting him to anal sex and detailed certain instances of him performing oral sex on appellant. (Tr. 21-28).
¶ {7} Victim B testified that appellant performed oral sex on him one time, estimated that he performed oral sex on appellant one hundred times, and disclaimed any engagement in anal sex with appellant. (Tr. 71). Victim B provided specifics on certain encounters with appellant; however, some encounters resulted in him successfully rebuffing appellant's requests and some occurred after his thirteenth birthday. (Tr. 62-67). Appellant took the stand in his own defense and denied the allegations. (Tr. 226).
¶ {8} On April 10, 2007, the magistrate filed a decision which recited the testimony. The magistrate concluded that only five out of eleven counts of rape were proven beyond a reasonable doubt regarding victim A. The magistrate then concluded that only two of the four counts of rape regarding victim B were proven beyond a reasonable doubt. The magistrate found that some allegations were expressed in too general of terms and some acts occurred after victim B's thirteenth birthday.
¶ {9} Appellant filed timely objections to the magistrate's decision. He set forth various credibility arguments concerning victim A's testimony in comparison to said victim's pretrial statements. He argued that one of the rape convictions regarding victim B revolved around testimony that was too vague and that venue for such offense was not established. The objections then complained about vague testimony on the date of each alleged offense. Appellant also objected to the magistrate's prior consolidation order.
¶ {10} On September 28, 2007, the juvenile court adopted the magistrate's decision. In doing so, the court set forth its own findings of fact and conclusions of law supporting a delinquency adjudication on the seven counts of rape.
¶ {11} A dispositional hearing was conducted on November 26, 2007. In a December 5, 2007 magistrate's decision, appellant was sentenced on each count to a minimum term of two years and a maximum term of age twenty-one. Four counts were ordered to be served consecutively, ensuring appellant's incarceration until his twenty-first birthday. Appellant filed timely objections to the sentencing decision, arguing that he has maintained his innocence and that he is not an appropriate *Page 4 
candidate for detention. On January 28, 2008, the juvenile court adopted the magistrate's decision and sentenced appellant accordingly. Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR NUMBER ONE ¶ {12} Appellant's first assignment of error provides:
¶ {13} "THE TRIAL COURT'S DECISION ADJUDICATING THE APPELLANT DELINQUENT BECAUSE BE COMMITTED RAPE IS NOT SUPPORTED BY THE EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
¶ {14} Appellant sets forth two distinct subassignments of error here addressing sufficiency and then weight of the evidence. First, appellant contends that the evidence was legally insufficient to support the rape adjudications. Sufficiency of the evidence deals with adequacy rather than weight of the evidence. State v. Thompkins (1997),78 Ohio St.3d 380, 386. In viewing a sufficiency of the evidence argument, a conviction will not be reversed unless the reviewing court views the evidence in the light most favorable to the prosecution and concludes that no rational trier of fact could have found that the elements of the offense were proven beyond a reasonable doubt. State v. Goff (1998),82 Ohio St.3d 123, 138.
¶ {15} Regarding victim A, appellant was convicted of only five of the eleven rape charges. The court outlined the facts relied upon to support each conviction. As to count one, victim A testified that the first sexual encounter with appellant occurred when he was seven years old and in first grade. He said appellant took him to the upstairs bathroom at appellant's house and promised him a certain toy if he would "suck on his wee-wee," which victim A then did. (Tr. 21-22, 57). He noted that appellant's mother was downstairs at the time. (Tr. 23).
¶ {16} As to count two, victim A said that not long after the first incident, appellant came to his house to show his brother a video game. Appellant broke some of their belongings and then asked victim A to accompany him to the bathroom where victim A then performed oral sex on appellant. (Tr. 25-26).
¶ {17} As to count three, victim A stated that when he was eight years old, he was in his backyard with his brother and appellant while his mother was cleaning the house and his dad was in the garage. (Tr. 25). He said that he performed oral sex on appellant behind the garage while the dog barked. (Tr. 26). Victim B confirmed that *Page 5 
he once stood look out while victim A performed oral sex on appellant behind the dog house while his dad was in the garage. (Tr. 93).
¶ {18} Regarding counts four and five, victim A testified that, in the summer when he was nine years old, appellant made him perform oral sex and then appellant performed anal sex on him in an old garage in the neighborhood. (Tr. 27-28). This was said to be the last incident, which occurred just before they moved to Texas. Victim B confirmed that he once performed oral sex on appellant in an old garage such as this at the same time that victim A performed oral sex on appellant.
¶ {19} Appellant was also convicted of two counts related to victim B. Victim B testified that he performed oral sex on appellant in the fall of 2002 when victim B was eleven years old. (Tr. 63-64). Victim B also testified that less than two months later, appellant spent the night at his house, asked victim B to look at pornography on the computer with him, and then had victim B perform oral sex on him. (Tr. 65-66). As aforementioned, he testified to other encounters. However, the court specifically did not convict on this testimony because during some encounters he was not under thirteen and regarding other encounters he merely stated that appellant asked him to perform oral sex without specifying whether he actually did so.
¶ {20} Viewing the evidence in the light most favorable to the state after combing the transcript, we conclude that a rational person could find the elements of the rape adjudications sufficiently proven. That is, a rational trier of fact could determine that appellant engaged in sexual conduct with these victims when they were less than thirteen years old. See R.C. 2907.02(A)(1)(b) (defining the rape offense); 2907.01(A) (defining sexual conduct as including oral and anal sex).
¶ {21} In arguing sufficiency, appellant also presents an argument that there was a lack of corroboration. We point out that corroboration of victim A was provided by victim B. In any event, corroboration is not required. "[T]here is nothing in the law which requires that a rape victim's testimony be corroborated as a condition precedent to conviction." See State v. Alexander, 7th Dist. No. 03CA798,2004-Ohio-5525, ¶ 71, quoting State v. Nichols (1993),85 Ohio App.3d 65, 76.
¶ {22} Finally, appellant mentions a venue argument. Contrary to appellant's suggestion, venue need not be proved in express terms so long as it is established by all the facts and circumstances in the case. See State v. Headley (1983), 6 Ohio St.3d 475, 477. See, also,State v. Chintalpalli (2000), 88 Ohio St.3d 43, 45 (venue need *Page 6 
not be established by express proof). Here, it was sufficiently established that the events occurred in and around appellant's and the victims' Youngstown houses. (Tr. 18-28, 33, 61-67, 92-93).
¶ {23} We now evaluate appellant's argument that the rape adjudications were contrary to the manifest weight of the evidence. Weight of the evidence deals with the inclination of the greater amount of credible evidence to support one side of the issue over the other.Thompkins, 78 Ohio St.3d at 387. The reviewing court determines whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. Id. A reversal on weight of the evidence grounds is entered only in exceptional circumstances. Id. This is because where there are two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one should be believed. State v. Gore (1999),131 Ohio App.3d 197, 201. It is the fact-finder who is best able to weigh the evidence and judge the credibility of witnesses by viewing the demeanor, voice inflections, eye movements, gestures and other physical indicators of the witnesses as they testify. Seasons Coal Co. v.Cleveland (1994), 10 Ohio St.3d 77, 80; State v. DeHass (1967),10 Ohio St.2d 230, 231.
¶ {24} Although victim A's testimony varied somewhat from his statement in Texas, the court did not rely on these variances. Notably, the court acquitted appellant of six counts of rape against victim A. Appellant complains that victim A's mother never saw blood in his underwear; yet, this does not mean the sole act of penetration of which appellant was convicted did not occur. Furthermore, the fact that the victims expressed dates such as "fall of 2002," "a couple weeks later," "a month later," and "two weeks later" does not make their testimony incredible, especially considering the fact that the sexual encounters began more than four years prior to trial.
¶ {25} The trier of fact not only watched the victims testify but also had the chance to see appellant testify and subsequently chose to believe both victim A and victim B over appellant. The fact-finder could rationally judge the victims' testimony regarding the specific sexual encounters to be credible and appellant's claims to lack credibility. Although another rational trier of fact could believe appellant and assume that the victims were lying in order to deflect attention from the incident in Texas, where they were discovered in a bathroom engaged in an unspecified sexual act, this construction of the evidence is not necessary in order to avoid a manifest miscarriage *Page 7 
of justice. As such, we conclude that the convictions are not contrary to the manifest weight of the evidence.
 ASSIGNMENT OF ERROR NUMBER TWO ¶ {26} Appellant's second assignment of error provides:
¶ {27} "APPELLANT WAS DENIED THE RIGHT TO A FAIR TRIAL PURSUANT TO ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO AND THESIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY THE CONSOLIDATION OF BOTH CASES."
¶ {28} Portions of three Rules of Criminal Procedure are relevant in dealing with the consolidation and joinder issues presented herein: Crim. R. 8(A), Crim. R. 13, and Crim. R. 14. In accordance with Crim. R. 8(A), two or more offenses may be charged in the same complaint if the offenses are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct. Pursuant to Crim. R. 13, the court may order two or more complaints to be tried together, if the offenses could have been joined in a single complaint, and the procedure shall be the same as if the prosecution were under such single complaint. There is no contention here that these rules were violated.
¶ {29} Rather, appellant claims that the complaints should not have been joined or should have been severed after joinder upon his request below under Crim. R. 14. This rule provides in pertinent part that the court shall order separate trial of counts or provide other relief as justice requires if it appears that a defendant or the state is prejudiced by a joinder of offenses in a complaint or by joinder of complaints for trial. Crim. R. 14.
¶ {30} It has been said that the avoidance of multiple trials through joinder is desirable for various reasons, including the conservation of time and money, avoidance of witness inconvenience and minimization of incongruous results in successive trials. State v. Thomas (1980),61 Ohio St.2d 223, 225. A defendant claiming a violation of his rights under Crim. R. 14 has the burden of showing prejudice and must set forth sufficient facts to the court to allow the court to weigh the defendant's rights against judicial economy. State v. Torres (1981),66 Ohio St.2d 340, 343. The trial court's decision on this matter will not be reversed absent an abuse of discretion. Id. *Page 8 
 ¶ {31} A prosecutor can negate a defendant's claims of prejudicial joinder in more than one manner. State v. Coley (2001),93 Ohio St.3d 253, 259. As appellant acknowledges, the state can show the evidence regarding one of the joined offenses would be admissible in trial of the other offense due to the exceptions to other acts evidence in Evid. R. 404(B), such as identity or opportunity. Id. at 259-260.
¶ {32} What appellant fails to recognize is that even assuming arguendo, the evidence of the offenses against one brother would not fall within an Evid. R. 404(B) exception in the trial regarding the other brother, the state can negate prejudicial joinder merely by showing that evidence of each crime is simple and direct. Id. at 260, citingState v. Johnson (2000), 88 Ohio St.3d 95, 109-110 (assaults against female neighbors); State v. Franklin (1991), 62 Ohio St.3d 118, 123
(burglaries in same neighborhood). See, also, State v. Schaim (1992),65 Ohio St.3d 51, 59 (evidence of each is so simple and distinct that the jury could clearly segregate the evidence).
¶ {33} As the Supreme Court has explained, joinder may be prejudicial when the offenses are unrelated and the evidence as to each is very weak. Torres, 66 Ohio St.3d at 343. However, a jury is believed capable of segregating the proof on multiple charges when the evidence as to each of the charges is uncomplicated. Id.
¶ {34} Moreover, it must be recognized that the Criminal Rules do not apply to juvenile proceedings against a child to the extent they would be clearly inapplicable. Crim. R. 1(C). In a juvenile case such as this, there was no jury (and there is only one juvenile judge). In such a scenario, the risk of confusion of the evidence on multiple charges is greatly reduced. If a jury is believed capable of segregating uncomplicated proof, a court would be considered even more capable. SeeState v. Richey (1992), 64 Ohio St.3d 353, 361 (in a bench trial, judge is presumed to rely only upon relevant, material, and competent evidence in arriving at judgment).
¶ {35} The evidence here was simple, direct and uncomplicated. Moreover, the offenses against the two brothers were related. For instance, victim B related that he stood look out for appellant during an assault on victim A, which assault was previously described by victim A . (Tr. 25-26, 93). Victim B also disclosed that he and his brother once gave appellant oral sex at the same time. (Tr. 92).
¶ {36} We also point out here that the two child witnesses lived in Texas and were accompanied here by their mother, making one trial less expensive and more convenient for the victims. As the victims were brothers and considering the nature of *Page 9 
the case, getting the trial over at once could be considered preferable in order to avoid a piecemeal recovery of the family's well-being. Additionally, where a court acquits on various charges, as this court did, it is more difficult for the defendant to show that the fact-finder was unduly influenced by the joinder. See, e.g., State v. Brooks (1989),44 Ohio St.3d 185, 195 (demonstrates ability to segregate the proof on each charge).
¶ {37} Finally, we point out that appellant waives all but plain error if he failed to renew his motion for severance at the close of the state's evidence or at the close of trial. See State v. DiCarlo, 7th Dist. No. 02CA228, 2004-Ohio-5118, ¶ 6. See, also, State v. Hamblin
(1988), 37 Ohio St.3d 153, 155-156. Here, appellant did not renew his pretrial motion at trial. (Tr. 147, 150, 246-248). It is also notable that he failed to file a motion to set aside the magistrate's pretrial order as permitted under Juv. R. 40(D)(2)(b). Accordingly, joinder was permissible, and the trial court did not abuse its discretion in maintaining the consolidation.
¶ {38} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
 DeGenaro, J., concurs. *Page 1