[Cite as *State v. McVety*, 2017-Ohio-2796.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASED NO.  8-16-19

    v.

TIMOTHY JON McVETY,                **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR16-02-0055

**Judgment Affirmed**

**Date of Decision:  May 15, 2017**

**APPEARANCES:**

    *Marc S. Triplett* **for Appellant**

    *Eric C. Stewart* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Timothy Jon McVety ("McVety"), appeals the November 1, 2016 judgment of the Logan County Court of Common Pleas entering his conviction for one count of Insurance Fraud, in violation of R.C. 2913.47(B)(1), a felony of the fifth degree, and sentencing him to three years of community control and thirty days in jail.

*Facts and Procedural History*

{¶2} On October 13, 2015, at approximately 4:30 p.m., Trevor Coomes was driving a combine owned by Buckeye Agricultural Testing on Rusk Road in Miami County when the drive coupler snapped causing the combine to fall into a roadside ditch and roll. Mr. Coomes, who was not injured, called his employer, Jeffrey Roeth, the owner of Buckeye Agricultural Testing, who immediately drove to the scene of the accident, which was two to three miles from his place of business. Mr. Roeth called Rob Hart, the owner of Hart's Towing and Recovery, Inc., to assist with extracting the combine from the ditch. Mr. Hart arrived to the accident at approximately 5:00 p.m. and quickly ascertained that the combine was too large for him to retrieve with his equipment. Mr. Hart called McVety, who owns McJack's Towing, LLC, for further assistance.

{¶3} McVety arrived to the scene and the people assembled there repeatedly attempted to upright the combine, but were unsuccessful. The situation was

complicated by the fact that expensive research equipment was mounted on the combine. Eventually, Sandy's Auto and Truck Service was contacted and a driver with a semi equipped with a rotating boom arrived to the scene at approximately 8:00 p.m. With the arrival of the new equipment, the combine was able to be extracted from the ditch and placed upon a trailer to be towed back to Buckeye Agricultural Testing. The job was finished around 11:30 p.m.

{¶4} McVety told the other two tow companies that he would submit one bill for the work of the three towing services on the job. McJack's Towing submitted an invoice totaling $19,412.25 to Western Reserve Insurance Company. Representatives of Western Reserve were suspicious of the high amount on the invoice, the fact that invoice stated that all three companies had performed ten hours of work, which was inconsistent with the accident report, and that McJack's had already paid out $5,600 to Sandy's and $6,600 to Hart's. The fraud investigator with Western Reserve contacted Sandy's and Hart's independently, discovered that they had not been paid by McJack's, and asked them to separately submit invoices for their services on the job. Hart's submitted an invoice for $3,210 and Sandy's for $643.50. The Logan County Sheriff's Office was subsequently contacted as a result of the fraud investigation by Western Reserve.

{¶5} On February 10, 2016, the Logan County Grand Jury indicted McVety on one count of Insurance Fraud, in violation of R.C. 2913.47(B)(1), a felony of the fourth degree. McVety entered a plea of not guilty.

{¶6} On September 15, 2016, a trial to the court was held, wherein several witnesses testified.

{¶7} On November 1, 2016, the trial court issued a judgment entry convicting McVety of a lesser included offense of fifth degree felony Insurance Fraud and sentencing him to three years of community control and thirty days in jail.

{¶8} McVety filed this appeal, asserting the following assignment of error.

**THE TRIAL COURT'S VERDICT FINDING APPELLANT GUILTY OF INSURANCE FRAUD IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.**

{¶9} In his sole assignment of error, McVety claims that the prosecutor failed to prove venue in this case. Specifically, he argues that the trial court erred in finding him guilty of Insurance Fraud because the State failed prove beyond a reasonable doubt that the fraudulent claim originated in Logan County.

{¶10} In a criminal case, venue is not a material element, but the State must still prove venue beyond a reasonable doubt. *State v. Headley*, 6 Ohio St.3d 475, 477 (1983). "Venue is satisfied where there is a sufficient nexus between the defendant and the county of the trial." *State v. Chintalapalli*, 88 Ohio St.3d 43, 45

(2000). Venue need not be proven in express terms. *Id*. Rather, it can be established by all of the facts and circumstances viewed in the light most favorable to the State. *Id*. In addition, it has been stated that a trial court has broad discretion to determine the facts which would establish venue. *See*, *e.g.*, *State v. Mills,* 6th Dist. Williams No. WM-09-014, 2010-Ohio-4705, ¶ 22.

**{¶11}** While McVety failed to raise the issue of venue in the trial court, the failure to prove venue is plain error. *See State v. Gardner*, 42 Ohio App.3d 157, 158 (1st Dist.1987). At trial, the State adduced both direct and circumstantial evidence from numerous witnesses that McJack's office was located in Russells Point, which is situated in Logan County. Moreover, the invoice in question that represents the charges for the services of all three towing companies to be $19,412.25 and that Sandy's and Hart's were already paid $5,600 and $6,600 respectively, stated that McJack's business address was in Russells Point. In addition, this invoice with the same Logan County address was also attached to an email sent by a McJack's towing employee to the insurance adjuster. Thus, the record reflects substantial, credible evidence from which the trial court could have reasonably concluded that venue had been proved beyond a reasonable doubt. *See State v. Gribble*, 24 Ohio St.2d 85 (1970), paragraph two of the syllabus.

**{¶12}** Moreover, if the State has demonstrated that the alleged crime occurred in a particular location but failed to provide direct evidence that the

location is in the appropriate county, Evid.R. 201(B)(1) permits judicial notice of generally-known facts within the territorial jurisdiction of the trial court; thus judicial notice may be taken that a location is in a particular county. *State v. Depina*, 5th Dist. Stark No. 2014CA00091, 2015-Ohio-2254, ¶ 23, citing *State v. Barr*, 158 Ohio App.3d 86, 2004-Ohio-3900 (7th Dist).  As such, the fact that Russells Point is a city within Logan County could be judicially noticed.

{¶13} Accordingly, the assignment of error is overruled and the judgment is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**