[Cite as *State v. Brown-Bowman*, 2017-Ohio-7974.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| DANIEL BROWN-BOWMAN | : | Case No. 2017CA00059 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2016CR1378


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            September 29, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           STEVEN A. REISCH
Prosecuting Attorney                      201 Cleveland Avenue, SW
By: KRISTINE W. BEARD                     Suite 104
Assistant Prosecuting Attorney            Canton, OH  44702
110 Central Plaza South
Suite 510
Canton, OH  44702-1413

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Daniel Brown-Bowman, appeals his April 6, 2017 conviction in the Court of Common Pleas of Stark County, Ohio. Plaintiff-Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On April 2, 2016, a confidential informant sent a text message to appellant to arrange a drug buy (methamphetamine). The informant was located at the Alliance Police Department in Stark County, Ohio when he sent the text.

{¶ 3}   Appellant responded to the text, and the informant met appellant at appellant's residence located within the bordering county of Mahoning County, Ohio and completed the drug purchase. Based upon what was observed during this sale, a search warrant was executed on appellant's residence. As a result, appellant was charged in Mahoning County with manufacturing methamphetamine and subsequently pled guilty to illegal possession/assembly of chemicals for manufacturing drugs. Appellant was sentenced to four years in prison.

{¶ 4}   On August 1, 2016, the Stark County Grand Jury indicted appellant on one count of trafficking in drugs in violation of R.C. 2925.03 stemming from the drug buy in Mahoning County. The subject drug buy was not included in the charges appellant faced in Mahoning County. On November 29, 2016, appellant filed a motion to dismiss the indictment based on improper venue because the drug buy occurred in Mahoning County. A hearing was held on December 28, 2016. By judgment entry filed March 21, 2017, the trial court denied the motion, finding "an element of the offense of drug

trafficking, namely the offer to sell a controlled substance, occurred here in Stark County, Ohio."

{¶ 5}  On March 30, 2017, appellant pled no contest to the charge.  By judgment entry filed April 6, 2017, the trial court found appellant guilty and sentenced him to eighteen months in prison, to be served concurrently with the Mahoning County sentence.

{¶ 6}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 7}  "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS BASED UPON IMPROPER VENUE."

I

{¶ 8}  In his sole assignment of error, appellant claims the trial court erred in denying his motion to dismiss based upon improper venue.  We disagree.

{¶ 9}  " 'Venue' commonly refers to the appropriate place of trial for a criminal prosecution (or dispute) as between different geographical subdivisions within a state, it being assumed that the court or courts involved have subject matter or territorial jurisdiction." *State v. Shrum,* 7 Ohio App.3d 244, fn. 2, 455 N.E.2d 531 (1st Dist.1982). "Venue is satisfied where there is a sufficient nexus between the defendant and the county of the trial."  *State v. Chintalapalli,* 88 Ohio St.3d 43, 45, 723 N.E.2d 111 (2000), citing *State v. Draggo,* 65 Ohio St.2d 88, 92, 418 N.E.2d 1343 (1981).

{¶ 10} R.C.  2901.12 governs venue.   Subsection (A) states: "The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject

matter, and * * * in the territory of which the offense or any element of the offense was committed."  Subsection (H)(3) states the following:

(H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred.  Without limitation on the evidence that may be used to establish the course of criminal conduct, any of the following is prima-facie evidence of a course of criminal conduct:

(3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective.

{¶ 11} Appellant argues venue in this case was improper because the only connection between appellant and Stark County is the text sent from the informant from the Alliance Police Department located in Stark County arranging the drug buy which occurred in Mahoning County.

{¶ 12} In *State v. Tucker,* 5th Dist. Fairfield No. 98CA25, 1999 WL 333120 (April 27, 1999), this court reviewed a similar challenge to venue.  As explained by the court at *3:

For purposes of R.C. 2925.03(A), the phrase, "offer to sell a controlled substance", means to declare one's readiness or willingness to

sell a controlled substance or to present a controlled substance for acceptance or rejection. *State v. Henton* (July 14, 1997), Ashtabula App. No. 96-A-0015, unreported (Citation omitted). The issue of whether a defendant has knowingly made an offer to sell a controlled substance in any given case must be determined by an examination of the totality of the circumstances, including "the dialogue and course of conduct of the accused". *State v. Patterson* (1982), 69 Ohio St.2d 445, 447, 432 N.E.2d 802.

{¶ 13} In *Tucker,* the informant sent a page to the defendant from Fairfield County, Ohio and the drug buy occurred in Franklin County, Ohio. The court concluded, "appellant's answering the page constitutes an offer to sell." The defendant returning the page to a telephone number in Fairfield County "is tantamount to an offer to sell in Fairfield County."

{¶ 14} In the case sub judice, the informant sent a text from the Alliance Police Department in Stark County to appellant to set up a drug buy, requesting "the usual," meaning a "$20 bindle of methamphetamine." T. at 8-10. While still at the Alliance Police Department, the informant received a response from appellant, texting back, " 'U know where I'm at.' You can come through, 'just let me know when you're close.' " T. at 10. Alliance Police Detective Bob Rajcan was standing right next to the informant when he was texting and receiving appellant's responses. T. at 19. The responses were coming from a telephone number belonging to appellant. T. at 21. The informant

traveled to appellant's residence to complete the drug buy.  Appellant's residence was located just within the bordering county of Mahoning County.  T. at 12-13.

{¶ 15} We find sufficient evidence that appellant knowingly made an offer to sell a controlled substance (methamphetamine) in Stark County constituting a significant nexus between appellant and Stark County.  Therefore, venue was proper in Stark County.

{¶ 16} Upon review, we find the trial court did not err in denying the motion to dismiss.

{¶ 17} The sole assignment of error is denied.

{¶ 18} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Baldwin, J. concur.


EEW/sg 9202