[Cite as *State v. Mercer*, **2015-Ohio-3040.**]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                                 :

    Plaintiff-Appellee,                    :       Case No.   14CA3448

vs.                                            :

CHRISTOPHER N. MERCER,                         :       DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                   :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:       David A. Sams, Box 40, West Jefferson, Columbus, Ohio
                             43162

COUNSEL FOR APPELLEE:        Sherri K. Rutherford, Chillicothe Law Director, and Carrie
                             L. Rowland, Assistant Chillicothe Law Director, 97 West
                             Main Street, Chillicothe, Ohio 45601

CRIMINAL CASE FROM MUNICIPAL COURT
DATE JOURNALIZED: 7-15-15
ABELE, J.

{¶ 1}   This is an appeal from a Chillicothe Municipal Court judgment of conviction and

sentence.   A jury found Christopher N. Mercer, defendant below and appellant herein, guilty of

theft in violation of R.C. 2913.02.   Appellant raises the following assignment of error for

review:

> "THE CONVICTION WAS BASED ON INSUFFICIENT
> EVIDENCE."

{¶ 2} On April 7, 2014, a complaint was filed that alleged that appellant committed theft in violation of R.C. 2913.02.[1] Appellant entered a not guilty plea.

{¶ 3} On May 27, 2014, the trial court held a jury trial. Menards' security officer April Shoemaker testified that on April 5, 2014 she monitored the Menards store and noticed that appellant placed some items into his shopping cart. She later saw appellant leave the store without checking out through a cashier and further noted that appellant's coat appeared "baggy." Shoemaker followed appellant into the parking lot and approached him. After some discussion, appellant handed Shoemaker some of the items that she previously observed in his shopping cart. Shoemaker then escorted appellant to the security office and later discovered that appellant had an additional item hidden in his coat sleeve. Shoemaker explained that when she recovered the shopping cart that appellant had been using, she discovered the packaging for the items that she had found on appellant's person. Shoemaker testified that appellant removed the items from the store without paying for them and that he did not have permission to remove the items from the store.

{¶ 4} Chillicothe Police Officer Taczak also testified that she responded to Menards to investigate the reported theft. After Officer Taczak's testimony, the state rested. Thereafter, the defense rested immediately and appellant moved for a judgment of acquittal. Appellant asserted that the state failed to establish venue and that the state did not present any testimony

---

[1] Although the complaint did not recite the specific provision under R.C. 2913.02 that appellant allegedly violated, the complaint contained checkmarks next to the boxes with language that mirrors R.C. 2913.02(A)(1) and (3). We further observe that the trial court gave the jury instructions corresponding to R.C. 2913.02(A)(1), (2), and (3).

that appellant was unauthorized to remove the items from the store.   The court overruled

appellant's motion.

{¶ 5}   After hearing the evidence, the jury found appellant guilty.   The trial court

sentenced appellant to serve one hundred eight days in jail.   This appeal followed.

I.

{¶ 6}   In his sole assignment of error, appellant asserts that the state failed to present

sufficient evidence to support his conviction.   Specifically, appellant argues that the state (1)

failed to prove that the alleged offense occurred in Ross County, Ohio; and (2) failed to establish

that appellant took any items without Menards' consent.   Appellant asserts that "there was no

proof that the items taken from the store were actually the property of Menards" and "no proof

regarding their sale/possession."

A

STANDARD OF REVIEW

{¶ 7}   When reviewing the sufficiency of the evidence, an appellate court's inquiry

focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed,

reasonably could support a finding of guilt beyond a reasonable doubt.   State v. Thompkins, 78

Ohio St.3d 380, 386, 678 N.E.2d 541 (1997) (stating that "sufficiency is a test of adequacy");

State v. Jenks, 61 Ohio St.3d 259, 274, 574 N.E.2d 492 (1991).   "The standard when testing the

sufficiency of the evidence '"is whether, after viewing the evidence in a light most favorable to

the prosecution, any rational trier of fact could have found the essential elements of the crime

proven beyond a reasonable doubt.""   State v. Beverly, — Ohio St.3d —, 2015-Ohio-219, —

N.E.3d —, ¶15, quoting State v. McKnight, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d

315, ¶70, quoting State v. Jenks, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.   Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction."   Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring).   A reviewing court will not overturn a conviction on a sufficiency-of-the-evidence claim unless reasonable minds could not reach the conclusion that the trier of fact did.   State v. Tibbetts, 92 Ohio St.3d 146, 162, 749 N.E.2d 226 (2001); State v. Treesh, 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

B

VENUE

{¶ 8}   Crim.R. 18(A) specifies that "[t]he venue of a criminal case shall be as provided by law."   "Section 10, Article I of the Ohio Constitution fixes venue, or the proper place to try a criminal matter * * *."   State v. Headley, 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983); accord State v. Hampton, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶19.   Section 10, Article I, of the Ohio Constitution guarantees a criminal defendant the right to a trial in the "county in which the offense is alleged to have been committed."   Additionally, R.C. 2901.12(A) codifies "the statutory foundation for venue."   State v. Draggo, 65 Ohio St.2d 88, 90, 418 N.E.2d 1343 (1981).   The statute provides that the "trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed."   R.C. 2901.12(A).

{¶ 9}   "Establishing the correct venue is imperative in order to 'give the defendant the right to be tried in the vicinity of his alleged criminal activity.'" State v. Baker, 12th Dist. Warren No. CA2012-12-127, 2013–Ohio–2398, ¶11, quoting State v. Meridy, 12th Dist. Clermont No.

CA2003–11–091, 2005–Ohio–241, ¶12.   Proper venue ensures that "the state [does not] indiscriminately [seek] a favorable location for trial or [select] a site that might be an inconvenience or disadvantage for the defendant."   Meridy at ¶12.

{¶ 10} Venue is not, however, a material element of any criminal offense charged. Headley, 6 Ohio St.3d at 477; accord State v. Jackson, 141 Ohio St.3d 171, 2014-Ohio-3707, 23 N.E.3d 1023, ¶143.   The state must nevertheless prove beyond a reasonable doubt that the defendant committed the alleged crime in the county where the indictment was returned and the trial held.   Headley, 6 Ohio St.3d at 477; accord Jackson at ¶143.   Therefore, unless the state proves beyond a reasonable doubt that the defendant committed the alleged crime in the county where the trial was held, the defendant cannot be convicted.   Hampton at ¶19; State v. Nevius, 147 Ohio St. 263, 71 N.E.2d 258 (1947), paragraph three of the syllabus ("A conviction may not be had in a criminal case where the proof fails to show that the crime alleged in the indictment occurred in the county where the indictment was returned.").   Despite the requirement that the state establish venue, the defendant may waive the right to be tried in the county where the crime allegedly occurred.   E.g., Jackson at ¶143.

{¶ 11} "Ideally, the prosecution will establish venue with direct evidence."   State v. Quivey, 4th Dist. Meigs No. 04CA8, 2005-Ohio-5540, ¶16, citing Toledo v. Taberner, 61 Ohio App.3d 791, 793, 573 N.E.2d 1173 (6th Dist. 1989).   However, the state need not prove venue "in express terms" so long as "all the facts and circumstances in the case" establish, "beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the indictment."   State v. Dickerson, 77 Ohio St. 34, 82 N.E. 969 (1907), paragraph one of the syllabus; Headley, 6 Ohio St.3d at 477.

**{¶ 12}** In the case at bar, we believe that the state presented sufficient evidence to establish that venue was proper in Ross County.   Although the state did not present a witness who explicitly stated that the alleged offense occurred in Ross County, the state did present evidence that the Chillicothe Police Department responded to the report.   See State v. Curry, 2nd Dist. Greene No. 2012-CA-50, 2014-Ohio-3836, ¶23, citing State v. Norton, 2nd Dist. Greene No. 97CA112 (Dec. 11, 1998) (noting that "testimony that a certain locality's police department investigated the alleged crime may be sufficient to establish venue"); State v. Woodson, 4th Dist. Ross No. 97CA2306 (Feb. 11, 1998) (concluding that sufficient evidence existed to establish venue in Ross County when law enforcement officer testified that the Ross County Sheriff's Department responded to the report of the robbery and subsequently investigated the robbery). During closing arguments, appellant's counsel asserted that the state failed to present any evidence that the Menards store is located in Ross County.   The prosecutor argued that because the Chillicothe Police Department responded to the reported theft at Menards, common sense indicated that the Menards store is located in Ross County.   While the state's evidence may be far from overwhelming, we cannot conclude that the evidence is insufficient to establish venue. A reasonable fact-finder could determine that the Chillicothe Police Department's response to the scene indicated that the Menards store was located in Ross County.   Curry; Woodson.

**{¶ 13}** Consequently, we disagree with appellant that the state failed to present sufficient evidence to prove that the offense occurred in Ross County.

C

THEFT

{¶ 14} Appellant also argues that the state failed to present sufficient evidence to support his theft conviction.

{¶ 15} R.C. 2913.02(A)(1) and (3) set forth the essential elements of the offense of theft as charged in the complaint and provide:

> (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
> (1) Without the consent of the owner or person authorized to give consent;
> * * *
> (3) By deception[.]

{¶ 16} After our review of the evidence adduced at trial, we believe that the state presented sufficient evidence that, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. Menards' security officer testified that she observed appellant in the store and noted that he had several items in his shopping cart. She later saw appellant leave the store without purchasing any of the items that had been in his shopping cart. The officer believed that appellant's coat appeared "baggy" and she stopped appellant in the parking lot. Appellant then handed her some of the items that she earlier had observed in his shopping cart. The officer later discovered that appellant had another item hidden in his coat sleeve. The officer testified that all of the items she discovered on appellant had been removed from the packaging and that she found the packaging in the shopping cart that appellant had used. The officer stated that appellant did not pay for any of the items that he had removed from the store and also that he did not have permission to remove the items from the store.

{¶ 17} We conclude that the foregoing evidence, if believed, is more than sufficient to allow a reasonable fact-finder to conclude that appellant committed theft. The evidence shows

that appellant took property from Menards.   The officer's testimony indicates that appellant did

not have Menards' consent to exit the store without paying for items and that he took the items

by deception, i.e., by hiding them in his coat.

{¶ 18}  Accordingly, based upon the foregoing reasons, we hereby overrule appellant's

sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs
herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe
Municipal Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is
continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is
to allow appellant to file with the Ohio Supreme Court an application for a stay during the
pendency of the proceedings in that court.   The stay as herein continued will terminate at the
expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio
Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of
the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to
the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the
Rules of Appellate Procedure.

Harsha, J. & McFarland, A.J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## <u>NOTICE TO COUNSEL</u>

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.