[Cite as *State v. Wright*, 2016-Ohio-7654.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                          :

                                        :        Case No. 15CA31

    Plaintiff-Appellee,                 :

                                        :

    v.                                  :        DECISION AND JUDGMENT
                                        :        ENTRY

TINA MARIE WRIGHT,                      :

                                        :

    Defendant-Appellant.                :        **Released: 10/31/16**

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Carrie Wood, Ohio Assistant Public Defender, Columbus, Ohio, for Appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for Appellee.
_____

McFarland, J.

{¶1} Tina Marie Wright appeals from the judgment of the Athens County Court of Common Pleas convicting her of two counts of interference with custody and sentencing her to community control.

{¶2} Wright initially asserts that the trial court erred in denying her motion for judgment of acquittal at the close of the evidence because there was insufficient evidence of venue in Athens County when she, her husband Phillip, and their children did not reside in that county when the crimes occurred. Venue is established when one of the elements of the offense occurs in the county in which

the case is tried, and one of the elements of interference with custody is that the interference be unprivileged. Two Athens County orders in a divorce case instituted by Wright herself established that her and her boyfriend absconding with two of her children to Texas was unprivileged. Similarly, the Supreme Court of Ohio held that even though the parents and the children no longer resided in the same county as the one in which a child-support order was issued did not deprive the county court that issued the order from being the proper venue for a criminal nonsupport action. Venue is satisfied where there is a sufficient nexus between the defendant and the county of the trial, and that nexus exists here because the orders upon which the custodial interference crimes were based were issued by the same court in the same divorce case initiated by Wright herself. We reject Wright's first assertion.

{¶3} Wright next contends that the trial court erred in denying her motion for judgment of acquittal at the close of the evidence because there was insufficient evidence to support her conviction of the crimes of interference with custody. The convictions were premised on her violations of two orders issued by the Athens County Court of Common Pleas in the pending divorce case. She claims that there was insufficient evidence that she interfered with the first order, which granted her custody of their two youngest children, because any violation would have simply impacted the visitation portion of the order. We reject this claim because the plain

language of the statute does not preclude conviction of a legal custodian for interference with the visitation or parenting rights of a noncustodial parent. And Wright conceded that she knew she violated this order when she took her two younger children to Texas. She further claims that there was insufficient evidence that she interfered with the second order, which granted her husband custody of all of their children, because it was never properly served on her. This claim is meritless because unlike the case she cites involving a different offense, the statute proscribing interference with custody does not require that the order establishing that enticing, taking, keeping, or harboring a child is unprivileged be served on the person; it only requires that the person know or be reckless that he or she is without privilege to do so. The uncontroverted testimony is that Wright knew about the second order when she was advised by a police officer about it, but she refused to cooperate and instead was willing to face the consequences of violating the order if she were ultimately arrested.

{¶4} Therefore, because the evidence introduced at trial was sufficient to establish venue and the elements of the two custodial interference offenses, we overrule Wright's assignments of error and affirm the judgment of the trial court.

## I. FACTS

{¶5} In October 2014, the Athens County Grand Jury returned an indictment charging Wright with two counts of interference with custody in violation of R.C.

2919.23(A)(1), a felony of the fifth degree. The offenses stemmed from Wright removing her two youngest children from the state and keeping them from their father, her husband Phillip, in violation of two orders issued by the Athens County Court of Common Pleas in their pending divorce case. Following her arrest in Texas and her return to Ohio, she entered a plea of not guilty to the charges.

{¶6} The case proceeded to a two-day jury trial at which the state presented the testimony of Phillip, one of their children, S.A.W., and Athens County Sheriff's Lieutenant John A. Morris, as well as exhibits including certified copies of the pending divorce case and two orders issued in that case. The defense presented the testimony of Wright and one of her friends, Linda Sheets. The following pertinent facts were adduced.

{¶7} Wright and Phillip married in Delaware, Ohio in May 1997. They had three children, A.W., born in 1997, S.A.W., born in 2000, and S.J.R.W., born in 2009. Their marriage eventually deteriorated, with Phillip accusing Wright of engaging in numerous affairs and Wright accusing Phillip of disinterest and abuse.

{¶8} In May 2014, Wright filed a complaint for divorce in the Athens County Court of Common Pleas, listing a Washington County address for herself and a Licking County address for Phillip. Around that time, Wright called Athens County Deputy Sheriff Greg Poston, who introduced her to Stacy Crook, and she tried to obtain a civil protection order. She was unable to get a civil protection

order because the police determined that there was insufficient evidence that Phillip was harassing or threatening her. Phillip filed an answer and a counterclaim for divorce in the Athens County case and also filed a complaint for divorce in Licking County.

{¶9} On August 6, 2014, the Athens County Court of Common Pleas issued a temporary order designating Wright the legal custodian and residential parent of the two youngest of their minor children, S.A.W. and S.J.R.W, and designating Phillip the legal custodian and residential parent of the oldest child, A.W. The order further set forth visitation for Phillip with S.A.W. and S.J.R.W. and designated that the children would be exchanged at a halfway point from where they lived. The designated exchange location was a Bob Evans restaurant in Muskingum County. The order also contained a provision that "[a]t any time that [Wright] elects to take a vacation/road trip with her boyfriend, Joseph Knece, the children shall reside with [Phillip]." In accordance with the order, Phillip had visitation with S.A.W. and S.J.R.W. in August, until he went to pick them up later in the month and they did not appear.

{¶10} After a one-week visitation with their father, S.A.W. and S.J.R.W. learned that Wright and her boyfriend had packed their belongings, and they left for Texas from Wright's sister's residence at some undisclosed location on August 27, 2014 without telling the Athens County court or Phillip. On the same date that

she left Ohio with the children, Wright voluntarily dismissed her complaint for divorce in Athens County, but the case remained pending because of Phillip's counterclaim for divorce. Wright claimed that she had to voluntarily dismiss her divorce action because that was the only way Phillip would have let her go. Wright enrolled the two younger children in school in Texas, and they rented a place there.

{¶11} On cross-examination, Wright admitted that she violated the Athens County court's August 6, 2014 order by taking S.A.W. and S.J.R.W. to Texas and depriving Phillip of his right to spend parenting time with them, but claimed that she "answer[ed] to a higher authority."

{¶12} Phillip filed a motion for contempt and Wright was served by certified mail at a Madison County, Ohio address. Wright did not appear for a hearing on Phillip's motion, and on September 23, 2014, the Athens County Court of Common Pleas issued an order designating Phillip as the legal custodian and residential parent of all three of their children, A.W., S.A.W., and S.J.R.W. The order further specified that law enforcement would assist Phillip in effecting the order to remove the two younger children from Wright wherever she may be found and place them in Phillip's custody.

{¶13} Phillip later contacted Lt. Morris of the Athens County Sheriff's Department to attempt to enforce the September 23, 2014 court order. He gave the

police all the information he had about Wright, including that they might have been traveling in her boyfriend's semi-trailer. Phillip also gave the police the last address he had for her in the Athens area. Though he knew she no longer lived there, he relied on Wright's representations in the Athens County divorce case that she planned on getting a new apartment or house in the Athens area.

{¶14} Lt. Morris was able to call a trucking company that Wright's boyfriend worked for and obtain telephone numbers where Wright could be reached. He left messages for Wright to call him back. About forty minutes after he had left messages for her, Wright called him back. Lt. Morris informed Wright about the Athens County court's September 23, 2014 order, which granted custody of the children to Phillip, and that she needed to bring S.A.W. and S.J.R.W. back to Phillip in Ohio. Lt. Morris further advised her of the consequences of her not returning the children, including possible charges and a warrant for her arrest, but she responded that she would just have to deal with that when the time comes. She told Lt. Morris that she was in West Virginia, although she was actually in Texas.

{¶15} Wright admitted at trial that despite being informed by Lt. Morris about the consequences of her not complying with the Athens County court orders, she refused to bring the children back to Ohio and she knew that she did not have the right to take the children to Texas or to keep them there from Phillip. She testified that she did not follow the orders because she did not agree with them.

{¶16} About a week later, after Wright refused to return the children, Lt. Morris filed charges against her for interference with custody and a nationwide warrant was issued for her arrest. She was arrested in Texas in mid-October 2014, and was returned to Ohio thereafter. The younger children who had been with her were placed in the temporary custody of children services and were picked up by Phillip the next morning.

{¶17} At the conclusion of the evidence, Wright made a motion for judgment of acquittal on two grounds: (1) that the state never identified Wright as the person who was the subject of the two Athens County court orders; and (2) the state failed to establish that the venue of the charged offenses was in Athens County. For the venue portion of her motion, the state responded that the one of the elements of the interference with custody offenses was that the state prove that Wright took and kept the children without privilege, which required that it be established through the evidence of the Athens County court orders. The trial court denied Wright's motion.

{¶18} The jury returned verdicts finding Wright guilty of both charges of interference with custody, and the trial court sentenced her to five years of community control for each offense. This appeal ensued.

## II. ASSIGNMENTS OF ERROR

{¶19} Wright assigns the following errors for our review:

1. THE TRIAL COURT VIOLATED TINA WRIGHT'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN, IN THE ABSENCE OF SUFFICIENT EVIDENCE OF VENUE, IT FAILED TO GRANT HER CRIM.R. 29 MOTIONS AS TO BOTH COUNTS OF INTERFERENCE WITH CUSTODY.

2. THE TRIAL COURT VIOLATED TINA'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN, IN THE ABSENCE OF SUFFICIENT EVIDENCE, IT FAILED TO GRANT HER CRIM.R. 29 MOTIONS AS TO INTERFERENCE WITH CUSTODY.

### III. STANDARD OF REVIEW

{¶20} Wright's assignments of error challenge the trial court's denial of her Crim.R. 29 motion for judgment of acquittal.

{¶21} Under Crim.R. 29(A), "[t]he court on motion of a defendant * * *, after the evidence on either side is closed, shall order the entry of acquittal * * *, if the evidence is insufficient to sustain a conviction of such offense or offenses." "A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37; *State v. Husted*, 2014-Ohio-4978, 23 N.E.3d 253, ¶ 10 (4th Dist.).

{¶22} "When a court reviews a record for sufficiency, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Maxwell*, 139 Ohio St.3d 12, 9

N.E.3d 930, 2014-Ohio-1019, ¶ 146, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In making its ruling a court does not weigh the evidence but simply determines whether the evidence, if believed, is adequate to support a conviction. In other words, the motion does not test the rational persuasiveness of the state's case, but merely its legal adequacy. *State v. Reyes-Rosales*, 4th Dist. Adams No. 15CA1010, 2016-Ohio-3338, ¶ 15.

## IV. LAW AND ANALYSIS

### A. Venue

{¶23} In her first assignment of error, Wright asserts that the trial court erred in denying her motion for acquittal because there was insufficient evidence of venue to support her two convictions for interference with custody.

{¶24} Crim.R. 18(A) states that "[t]he venue of a criminal case shall be as provided by law." Article I, Section 10 of the Ohio Constitution provides an accused with the right to "a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed." Additionally, R.C. 2901.12 codifies "the statutory foundation for venue" by providing that the "trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." *See State v. Mercer*, 4th Dist. Ross No. 14CA3448, 2015-Ohio-3040,

¶ 8, quoting *State v. Draggo*, 65 Ohio St.2d 88, 80, 418 N.E.2d 1343 (1981), and

R.C. 2901.12(A).

**{¶25}** Venue is not a material element of any offense charged; the elements

of the offense charged are separate and distinct. *State v. Jackson*, 141 Ohio St.3d

171, 2014-Ohio-3707, 23 N.E.3d 1023, ¶ 143. Venue is also not jurisdictional and

may be waived. *See State v. Jordan*, 12th Dist. Warren No. CA2014-04-051,

2015-Ohio-575, ¶ 29; *Jackson* at ¶ 143.

**{¶26}** Nevertheless, venue is a fact that must be proven beyond a reasonable

doubt unless it is waived by the defendant. *Jackson* at ¶ 143, citing *State v.

Headley*, 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983). " '[I]t is not essential that

the venue of the crime be proven in express terms, provided it be established by all

the facts and circumstances in the case, beyond a reasonable doubt, that the crime

was committed in the county and state as alleged in the indictment.' " *State v.

Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 19, quoting

*State v. Dickerson*, 77 Ohio St.34, 82 N.E. 969 (1907), paragraph one of the

syllabus. "[A] judgment of acquittal may be entered when the state has failed to

prove the venue of the offense as alleged in the indictment." *Hampton* at ¶ 24.

**{¶27}** " 'The purpose of the venue requirement is to give the defendant the

right to be tried in the vicinity of the alleged criminal activity, and to limit the state

from indiscriminately seeking a favorable location for trial that might be an

inconvenience or disadvantage to the defendant.' " *State v. Webster*, 8th Dist. Cuyahoga No. 102833, 2016-Ohio-2624, ¶ 78, quoting *State v. Koval*, 12th Dist. Warren No. CA2005–06–083, 2006-Ohio-5377, ¶ 9; *see also Mercer*, 2015-Ohio-3040, at ¶ 9. Consequently, the requirement of "[v]enue is satisfied where there is a sufficient nexus between the defendant and the county of the trial." *State v. Chintalapalli*, 88 Ohio St.3d 43, 45, 723 N.E.2d 111 (2000), citing *Draggo*, 65 Ohio St.2d at 92, 418 N.E.2d 1343.

{¶28} Wright argues that because she was a Washington County resident and Phillip was a Licking County resident when she absconded to Texas with their two youngest children, the designated drop-off area for parenting-time exchanges was in Muskingum County, and there was no evidence that she even drove through Athens County when she left from her sister's home and travelled to Texas with the children, the state failed to establish that Athens County was a proper venue for the offenses of interference with custody.

{¶29} But as previously stated, venue is established when one of the elements of the offenses occurs in the county in which the case is tried. *See* R.C. 2901.12(A) ("The trial of a criminal case in this state shall be held in a court * * * in the territory of which the offense *or any element of the offense* was committed" [emphasis added]). R.C. 2919.23(A) provides that "[n]o person, knowing the person is without privilege to do so or being reckless in that regard, shall entice,

take, keep, or harbor a person identified in division (A)(1), (2), or (3) of this section from the parent, guardian, or custodian of the person identified in division (A)(1), (2), or (3) of this section:  (1) A child under the age of eighteen * * *."  The elements of the charge of interference with custody are:  (1) a person; (2) without privilege to do so; (3) knowingly or recklessly; (4) entices, takes, keeps, or harbors; (5) a child under 18 years of age; and (6) from a parent, guardian, or custodian of the child.  *See, e.g., State v. Strayer*, 5th Dist. Knox No. 02CA29, 2003-Ohio-2941, ¶ 47.

{¶30}  One of the elements of the offense of interference with custody requires that the person absconding with the child do so without any privilege in that regard.  That element in this case required that the state establish that Wright lacked any right to take S.A.W. and S.J.R.W. to Texas and keep them there in violation of the Athens County court orders in the pending divorce case between Wright and Phillip.  The divorce case had been initiated in Athens County by Wright herself, and she had contacted the Athens County Sheriff's Department to attempt to obtain a protection order against Phillip before she filed for divorce in that county.  Because the "without privilege to do so" element of the interference with custody offenses occurred in Athens County, the fact that Wright, Phillip, and the children may not have been residents there on the August 27, 2014 date she

removed the children from Ohio to Texas does not deprive Athens County from venue to try Wright for those offenses.

{¶31} This result is supported by a reasonable construction of precedent. In *Chintalapalli*, 88 Ohio St.3d 43, 723 N.E.2d 111, the Supreme Court of Ohio concluded that the Erie County Court of Common Pleas had both jurisdiction and venue to try a defendant for criminal nonsupport notwithstanding the fact that after their divorce, the plaintiff obligee, the defendant obligor, and their children no longer resided in Erie County. The court held that "[t]he act of failing to provide child support occurs in at least two venues: (1) the place where the defendant resides, and (2) the place where the defendant was required to perform a legal obligation." *Id.* at syllabus.

{¶32} As in *Chintalapalli*, one of the elements of the offense was in the place that issued the orders setting forth the parents' custodial and parenting rights. Although the evidence in that case was admittedly more extensive (the parents lived in Erie County before their divorce, the divorce decree obligating the defendant to make child-support payments was issued in Erie County, and the child support enforcement agency collected the payments the defendant was required to pay in Erie County), the critical fact remains that the orders that Wright knowingly violated here were issued by the same Athens County court in which she initiated the divorce action. *Id.* at 45-46. Although she fortuitously voluntarily dismissed

her complaint the same day she absconded with the children to Texas, by that time Phillip had filed an answer and counterclaim for divorce so that the case remained pending.

{¶33} Finally, as the Supreme Court in *Chintalapalli* emphasized, "[v]enue is satisfied where there is sufficient nexus between the defendant and the county of the trial." *Id.* at 45. As discussed, Wright initiated the Athens County divorce case that ultimately generated the orders that she admitted she violated by taking and keeping her two younger children to Texas, far away from Phillip. Around that time, she contacted the Athens County Sheriff's Department to assist her in attempting to get a protection order against Phillip. Here, Phillip testified that when he could not locate the children after Wright failed to show up with them for his court-ordered visitation, he gave the police her last known address in the Athens area and that Wright had represented to the Athens County court that she had planned on getting a new apartment or house in that area. While attempting to extricate herself from the purported burden of being tried in Athens County based on a violation of the orders issued by the Athens County court, she simultaneously attempts to rely on the benefit of the August 6, 2014 order issued by that same court to claim that she had custody of the two younger children so that she could take them where she pleased. It would be nonsensical to allow her to accept the benefits of that order without accepting its burdens. This is not a case in which the

state manipulated the venue provisions to obtain a favorable location for the criminal trial that would be a serious disadvantage or inconvenience for the defendant. In effect, Wright herself chose the venue for the case by initiating the Athens County divorce case that ultimately resulted in the two orders upon which her criminal charges of interference with custody were premised.

{¶34} Therefore, after viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the state had proven that Athens County was a proper venue for the criminal charges. We overrule Wright's first assignment of error.

### B. Interference with Custody

{¶35} In her second assignment of error, Wright contends that the trial court erred in denying her motion for acquittal because there was insufficient evidence to establish the essential elements of interference with custody. As noted, the convictions were premised on her violations of the two orders issued by the Athens County Court of Common Pleas in the pending divorce case.

{¶36} She initially claims that there was insufficient evidence that she interfered with the Athens County court's first (August 6, 2014) order, which granted her custody of S.A.W. and S.J.R.W., because any violation would have simply impacted Phillip's visitation rights. We reject this claim because the plain language of R.C. 2919.23(A)(1) does not preclude conviction of a custodial parent

for interference with the visitation or parenting rights of a noncustodial parent. An appellate court has similarly expressly rejected this contention. *See, e.g., Toledo v. Parra*, 6th Dist. Lucas No. L-12-1261, 2013-Ohio-3182, ¶ 12 (a custodial parent can be criminally prosecuted for interference with custody in violation of R.C 2919.23(A)(1) or a comparable municipal ordinance if she without privilege knowingly interferes with the court-ordered visitation of the noncustodial parent). We agree with the conclusion of that court, and Wright cites no persuasive authority that has held otherwise.

{¶37} In addition, Wright conceded on cross-examination at trial that she violated the August 6, 2014 order when she took her younger two children to Texas. That order specified that the children would reside with Phillip anytime Wright went on a vacation or road trip with her boyfriend.

{¶38} Furthermore, Wright also admitted that she violated the Athens County court's second (September 23, 2014) order, which granted custody of the children to Phillip, by keeping the children in Texas. Thus, Wright's first claim in her second assignment of error is meritless.

{¶39} She next argues that there was insufficient evidence that she interfered with the Athens County court's second order because it was never properly served on her. She cites *State v. Smith*, 136 Ohio St.3d 1, 2013-Ohio-1698, 989 N.E.2d 972, in support of her argument. In *Smith*, at the syllabus, the

Supreme Court of Ohio held that "[t]o sustain a conviction for a violation of a protection order pursuant to R.C. 2919.27(A)(2), the state must establish, beyond a reasonable doubt, that it served the defendant with the order before the alleged violation." *Smith* is distinguishable because R.C. 2919.27(A)(2) required that the protection order be "issued pursuant to [R.C.] 2903.214," which required that the order be served on the defendant.

{¶40} Conversely, R.C. 2919.23(A)(1), interference with custody, does not require that the defendant be served with the court order that establishes that the enticing, taking, keeping, or harboring of a child was done without privilege to do so. R.C. 2919.23(A)(1) requires only that the defendant know or be reckless that he or she is without privilege to entice, take, keep, or harbor the child. Wright conceded that she knew about the second order when she was advised by a police officer about it, but she refused to cooperate and instead was willing to face the consequences of violating the order if she were ultimately arrested. She attempted to justify her noncomplicance because she was following a higher authority and she did not agree with the orders.

{¶41} Moreover, she admitted to violating both Athens County court orders, and the state was only required to prove that she knowingly or recklessly violated one.

{¶42} Therefore, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the charged offenses of interference with custody proven beyond a reasonable doubt. We overrule Wright's second assignment of error.

## V. CONCLUSION

{¶43} The trial court properly denied Wright's Crim.R. 29(A) motion for acquittal. Having overruled her assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

Hoover, J., dissenting:

**{¶44}** I respectfully dissent from the lead opinion.

**{¶45}** I would sustain Tina Marie Wright's first assignment of error and conclude that venue was not established beyond a reasonable doubt in the proceedings below. Accordingly, I would reverse the judgment of the trial court and find Wright's second assignment of error to be moot.

**{¶46}** In the case sub judice, I do not believe that the State presented sufficient evidence to establish that venue was proper in Athens County because no evidence was presented indicating that Wright committed any elements of the offenses in Athens County. While S.A.W. testified that he, S.J.R.W., and Wright lived in "Little Hocking" during the time that Wright was legal custodian, no evidence was presented that Little Hocking is located in Athens County. Moreover, S.A.W. testified that Wright drove him and S.J.R.W. to Texas either the day of or the day after they were done spending the weekend with their dad. He further testified that when his mother picked him up from visitation time with his dad, his belongings were "pre-packed" and already in Wright's vehicle. Wright, meanwhile, testified that she left for Texas with the children from her sister's house. There was no indication where the sister's house is located. Given the above evidence, I do not believe that a rational fact-finder could determine that Wright enticed, took, kept, or harbored the children from or into Athens County. *See* R.C.

2901.12(C) ("When the offense involved * * * the unlawful taking or enticing of another, the offender may be tried in any jurisdiction from which or into which the * * * victim was taken, received, or enticed."). Rather, the more reasonable conclusion, based on the evidence presented, is that Wright left with the children from the exchange place in Zanesville, or from her sister's home at an unknown location. Furthermore, no evidence was presented indicating that Wright and the children travelled through Athens County while on their way to Texas. *See* R.C. 2901.12(B) ("When the offense or any element of the offense was committed in [a] * * * motor vehicle * * * in transit, and it cannot reasonably be determined in which jurisdiction the offense was committed, the offender may be tried in any jurisdiction through which the * * * motor vehicle * * * passed."), and R.C. 2901.12(G) ("When it appears beyond a reasonable doubt that an offense or any element of an offense was committed in any of two or more jurisdictions, but it cannot reasonably be determined in which jurisdiction the offense or element was committed, the offender may be tried in any of those jurisdictions.").

{¶47} I also disagree with the lead opinion's determination that because reference to the Athens' County orders is necessary to prove that Wright acted "without privilege" when she took the children to Texas, that an element of the offense occurred in Athens County, or that there is a sufficient nexus between Wright and Athens County thus making venue proper. Rather I would conclude

that the case cited by the lead opinion, *State v. Chintalapalli*, 88 Ohio St.3d 43,

723 N.E.2d 111 (2000), is distinguishable.

**{¶48}** In *Chintalapalli*, the defendant was convicted in Erie County, Ohio,

of three counts of nonsupport of dependents, based on his failure to make child

support payments as required under a divorce decree. *Chintalapalli* at 44. The

defendant was not a resident of Erie County, Ohio, at the time of non-payment and

the defendant's ex-wife and children had moved from Erie County to

Pennsylvania. *Id*. On appeal, the appellate court reversed the convictions on the

basis that the trial court lacked jurisdiction. *Id*. The Ohio Supreme Court allowed

the discretionary appeal and was presented two questions: (1) "whether the trial

court in Erie County properly exercised jurisdiction over [defendant] even though

he and his family resided outside Ohio when he failed to make required child

support payments", and (2) "if jurisdiction was present, whether venue was

proper." *Id*. After determining that the trial court properly exercised jurisdiction

over the defendant, the Court stated the following in regards to venue:

> Mr. Chintalapalli lived with Mrs. Chintalapalli in Erie County, Ohio.
>
> Mrs. Chintalapalli gave birth to their children in Erie County. The
>
> divorce decree that obligated Mr. Chintalapalli to make child support
>
> payments was issued in Erie County. The CSEA collects the payments
>
> Mr. Chintalapalli is required to pay in Erie County. When Mr.

Chintalapalli does not make child support payments, part of that act occurs in Erie County. These facts provide ample evidence to establish a sufficient nexus between Mr. Chintalapalli and Erie County.

*Id*. at 45-46. Thus, the Ohio Supreme Court determined that venue in Erie County was proper. *Id*. at 46.

**{¶49}** Here, other than the temporary custody orders that were issued from the Athens County court, Wright has no apparent connection or nexus to Athens County. Wright and Phillip were married in Delaware, Ohio. Phillip testified that the family moved to Delaware, Ohio, in 2002. There was no indication at trial of where the family lived prior to 2002 or after 2002. There was no testimony or other evidence regarding the children's place of birth. At the time of trial Phillip was living in Newark, Ohio. Phillip testified that after he and Wright separated in February 2014, Wright may have lived in the Athens area, but by the time Wright had absconded to Texas he did not believe she was still living at that location. Wright testified that she left Ohio from her sister's house, but there was no indication where that house is located. Visitation exchanges took place in Zanesville, Ohio. Simply put, unlike the circumstances in *Chintalapalli*, there is not enough record evidence that connects Wright or the offenses to Athens County. While the temporary orders issued from the Athens County court are useful in

establishing that Wright acted the "without privilege", they alone do not create a sufficient nexus between Wright and Athens County.

{¶50}  For all the foregoing reasons, I would hold that the trial court erred in overruling Wright's Criminal Rule 29 motion for acquittal because the State did not provide sufficient evidence to establish that venue was proper in Athens County beyond a reasonable doubt. Accordingly, I would sustain Wright's first assignment of error. Additionally, because this resolution of Wright's first assignment of error would render her remaining assignment of error moot; I would decline to address it. *See* App.R. 12(A)(1)(c).

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that costs are assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:    Concurs in Judgment and Opinion.
Hoover, J.:  Dissents with Dissenting Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**