[Cite as *State v. Wells*, 2019-Ohio-3799.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case Nos. 18CA23 |
| | | 18CA24 |
| Plaintiff-Appellee, | : | |
| | | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| | | |
| JUSTIN M. WELLS, | : | |
| | | |
| Defendant-Appellant. | : | **RELEASED: 09/04/2019** |

<u>APPEARANCES</u>:

Gene Meadows, Portsmouth, Ohio, for appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, C. Michael Gleichauf, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for appellee.

Hess, J.

{¶1}   Justin M. Wells appeals his conviction for tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony, for damaging, removing, and concealing an electronic monitoring unit secured to his ankle. Wells contends that the conviction was against the manifest weight of the evidence because there was no evidence that he knew an official proceeding or investigation was likely to be instituted at the time he removed the monitor and no evidence was presented as to his location when the monitor was removed.

{¶2}   Wells signed an electronic monitoring unit agreement that states that he would be arrested if he left his residence or the state without permission and that criminal charges may be filed if the monitoring unit is damaged. Thus, Wells knew at the time he signed the agreement that leaving his residence or the state without permission and/or tampering with the monitor would lead to an official proceeding or investigation. The state

presented evidence that the monitor was removed shortly after Wells left his house, while he was still in Lawrence County, Ohio. The jury could reasonably conclude beyond a reasonable doubt this evidence established that Wells knew he violated his bond conditions by leaving his residence and traveling in the opposite direction that he was permitted to travel and that when he did so, he knew that an official proceeding or investigation would likely be instituted; that he tampered with evidence while in a motor vehicle in transit that passed through Lawrence County, Ohio and concealed it in a building in Huntington, West Virginia. Wells's tampering with evidence conviction is not against the manifest weight of the evidence.

{¶3}     We reject his argument, overrule his assignment of error, and affirm his conviction.

## I. FACTS

{¶4}     Wells was stopped by a state trooper in Lawrence County, Ohio for multiple marked lanes violations. During a pat down the trooper discovered a bag containing white powder that Wells said was heroin.  Initially Wells was indicted for aggravated trafficking in drugs and possession of heroin, pleaded guilty, and was equipped with an electronic monitoring device as a bond condition pending his sentencing hearing. Wells read and signed an Electronic Monitoring Unit Participant Conditions Agreement required by the Lawrence County Bureau of Community Corrections.  Wells agreed, among other things, that any tampering with the device may result in additional charges filed, failure to remain in his residence at all times unless prior permission has been granted may result in immediate arrest, and that he is not permitted to leave the state without prior permission. Wells was required to report to the Bureau in person once a week.

{¶5}  Wells contacted the Bureau of Community Corrections for permission to report in person for his weekly check-in and to suspend the monitor alarm so that he could leave his residence and travel to the Bureau. The Bureau suspended the monitor alarm and gave Wells permission to leave his residence and drive directly to the Bureau. Both Wells's residence in South Point and the Bureau in Ironton are in Lawrence County, Ohio. However, Wells never reported to the Bureau. Instead, the monitoring report showed that Wells traveled in the opposite direction of the Bureau and a "strap tamper" alarm occurred about four minutes after Wells left his home while he was driving along U.S. 52 in South Point in Lawrence County. When authorities recovered Wells's monitor abandoned in a building in Huntington, West Virginia, it had been cut, damaged, and removed from Wells's ankle. Wells was apprehended in Huntington, West Virginia, arrested and returned to Lawrence County, Ohio.

{¶6}  In the meantime, the Highway Patrol Crime Lab tested the substance and determined that the bag found on Wells during the traffic stop contained fentanyl and methamphetamine rather than heroin.  Wells withdrew his guilty plea to the heroin charges and the indictment was dismissed. Wells was indicted with possession of drugs (fentanyl) in violation of R.C. 2925.11(A)(C)(1)(a) and trafficking in drugs (fentanyl) in violation of R.C. 2925.03(A)(2)(C)(1)(a). In a separate case which was subsequently consolidated, Wells was indicted with tampering with evidence in violation of R.C. 2921.12(A)(1); vandalism in violation of R.C. 2909.05(B)(1)(b); and vandalism of government property in violation of R.C. 2909.05(B)(2).

{¶7}  Wells pleaded not guilty and his consolidated cases were tried to a jury. At the close of the state's case, Wells's attorney moved for an acquittal under Crim.R. 29 on

the tampering with evidence charge on the ground that the state failed to prove the offense occurred within the boundaries of the state of Ohio. The trial court denied the motion and the jury found Wells guilty of possession of drugs, tampering with evidence, and vandalism of government property and not guilty of drug trafficking and the other vandalism charge. The trial court sentenced Wells to a total prison term of 41 months.

## II. ASSIGNMENT OF ERROR

{¶8}   Wells assigns the following error for our review:

> THE CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND SECTIONS 1 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.

## III. LAW AND ANALYSIS

### A. Manifest Weight of the Evidence

{¶9}   In his sole assignment of error Wells asserts that his tampering with evidence conviction is against the manifest weight of the evidence.[1]

### 1. Standard of Review

{¶10}  In determining whether a criminal conviction is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction. *State v. Thompkins,* 78 Ohio

---

[1] Although Wells's assignment of error does not state specifically that he is challenging his tampering with evidence conviction, his argument focuses exclusively on the tampering with evidence conviction and does not challenge his conviction for drug possession or vandalism. Therefore, we limit our review to his tampering with evidence conviction. *See* App.R. 12(A)(2).

St.3d 380, 387, 678 N.E.2d 541 (1997); *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 119. *State v. Phillips*, 4th Dist. Scioto No. 18CA3832, 2018-Ohio-5432, ¶ 23.

**{¶11}** To satisfy its burden of proof, the state must present enough substantial credible evidence to allow the trier of fact to conclude that the state had proven all the essential elements of the offense beyond a reasonable doubt. *See State v. Adams*, 2016-Ohio-7772, 84 N.E.3d 155, ¶ 22 (4th Dist.), citing *State v. Eley*, 56 Ohio St.2d 169, 383 N.E.2d 132 (1978), syllabus (superseded by state constitutional amendment on other grounds in *State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997) ). However, it is the role of the jury to determine the weight and credibility of evidence. *See State v. Kirkland,* 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818,  ¶ 132. " 'A jury, sitting as the trier of fact, is free to believe all, part or none of the testimony of any witness who appears before it.' " *State v. Reyes-Rosales*, 4th Dist. Adams No. 15CA1010, 2016-Ohio-3338, ¶ 17, quoting *State v. West,* 4th Dist. Scioto No. 12CA3507, 2014-Ohio-1941, ¶ 23. We defer to the trier of fact on these evidentiary weight and credibility issues because it is in the best position to gauge the witnesses' demeanor, gestures, and voice inflections, and to use these observations to weigh their credibility. *Id.; State v. Koon*, 4th Dist. Hocking No. 15CA17, 2016-Ohio-416, ¶ 18.

2. Knowledge that an Official Proceeding or Investigation is Likely to be Instituted

**{¶12}** Wells contends that there was no evidence that he knew an official proceeding or investigation was likely to be instituted at the time he removed the monitor.

**{¶13}** R.C. 2921.12(A)(1) prohibits tampering with evidence and provides that "[n]o person, knowing that an official proceeding or investigation is in progress, or is about

to be or likely to be instituted, shall * * * [a]lter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation." The Supreme Court of Ohio has stated, "[t]here are three elements of this offense: (1) knowledge of an official proceeding or investigation in progress or likely to be instituted, (2) the alteration, destruction, concealment, or removal of the potential evidence, (3) the purpose of impairing the potential evidence's availability or value in such proceeding or investigation." *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175, ¶ 11; *State v. Spencer*, 4th Dist. No. 15CA3718, 2017-Ohio-456, 84 N.E.3d 106, ¶ 50.

{¶14} R.C. 2901.22(B) defines the mental state of "knowingly" for purposes of criminal culpability:

> A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

{¶15} The statute requires "the accused to be aware that conduct will probably cause a certain result or will probably be of a certain nature or that circumstances probably exist. And R.C. 2901.22(B) provides that a person can be charged with knowledge of a particular fact only if that person '*subjectively believes* that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.' " (Emphasis sic.) *State v. Barry*, 145 Ohio St.3d 354, 2015-Ohio-5449, 49 N.E.3d 1248, ¶ 24.

{¶16} Here the state presented evidence that Wells had an electronic monitoring unit placed on his ankle as a condition of bond while he was awaiting sentencing. Wells read and signed a written agreement that informed him that it was a violation to leave his residence or the state without permission. Wells knew his location was being monitored. He knew he did not have permission to leave his residence and travel any place other than directly to the Bureau for weekly, in person reporting. Wells knew that traveling elsewhere or leaving the state would be a bond violation. Wells also knew it was a violation to tamper with the monitor. The agreement states that "any tampering or attempt to tamper with the monitoring device may result in an immediate arrest, bond forfeiture and additional charges being filed."

{¶17} The state presented testimony from a Bureau employee and an electronic monitoring report that showed that when Wells left his residence he drove in the opposite direction of where he was permitted to go. When the "strap tamper" alarm was triggered, Wells was traveling in the opposite direction from the Bureau in Lawrence County, Ohio. He then traveled to West Virginia. Wells was contacted by the cellular component in the device and asked if he was tampering with the unit and Wells denied tampering. Wells removed the device and left it in a building in Huntington, West Virginia.

{¶18} Thus it is reasonable to infer from the circumstances that Wells knew when he left his residence, drove in the opposite direction of the Bureau, and failed to report to the Bureau that an official proceeding or investigation was about to be or likely to be instituted. Wells tampered with the monitoring device, removed it and then concealed it in a building in another state. Thus, there was substantial evidence for the jury to find that

Wells knew that an official proceeding or investigation would likely be instituted when he cut and removed his monitoring unit.

### 3. Venue in Lawrence County

**{¶19}** Wells also contends that there was no evidence presented as to the location the tampering occurred.  He contends it could have been tampered with and removed in West Virginia. Implicit in this argument is the contention that the trial court erred when it denied his Crim. R. 29 motion for acquittal of the tampering with evidence charge based on venue.

**{¶20}** Under Crim.R. 29(A), "[t]he court on motion of a defendant * * *, after the evidence on either side is closed, shall order the entry of acquittal * * *, if the evidence is insufficient to sustain a conviction of such offense or offenses." "A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37; *State v. Husted*, 2014-Ohio-4978, 23 N.E.3d 253, ¶ 10 (4th Dist.).

**{¶21}** "When a court reviews a record for sufficiency, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 146, *quoting State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In making its ruling a court does not weigh the evidence but simply determines whether the evidence, if believed, is adequate to support a conviction. In other words, the

motion does not test the rational persuasiveness of the state's case, but merely its legal adequacy. *State v. Reyes–Rosales,* 4th Dist. Adams No. 15CA1010, 2016-Ohio-3338, ¶ 15.

{¶22} Crim.R. 18(A) specifies that "[t]he venue of a criminal case shall be as provided by law." "Section 10, Article I of the Ohio Constitution fixes venue, or the proper place to try a criminal matter * * *." *State v. Headley*, 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983); *accord State v. Hampton*, 134 Ohio St .3d 447, 2012–Ohio–5688, 983 N.E.2d 324, ¶ 19. Section 10, Article I, of the Ohio Constitution guarantees a criminal defendant the right to a trial in the "county in which the offense is alleged to have been committed." Additionally, R.C. 2901.12(A) codifies "the statutory foundation for venue." *State v. Draggo*, 65 Ohio St.2d 88, 90, 418 N.E.2d 1343 (1981). The statute provides that the "trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." R.C. 2901.12(A).

{¶23} "Establishing the correct venue is imperative in order to 'give the defendant the right to be tried in the vicinity of his alleged criminal activity.' " *State v. Baker*, 12th Dist. Warren No. CA2012–12–127, 2013–Ohio–2398, ¶ 11, quoting *State v. Meridy*, 12th Dist. Clermont No. CA2003–11–091, 2005–Ohio–241, ¶ 12. "The importance of venue is to give the defendant the right to be tried in the *vicinity* of his alleged criminal activity; the need to have venue is to limit the state from indiscriminately seeking a favorable location for trial or selecting a site that might be an inconvenience or disadvantage for the defendant." (Emphasis sic.) *Meridy* at ¶ 12.

**{¶24}** Venue is not, however, a material element of any criminal offense charged. *Headley*, 6 Ohio St.3d at 477; *State v. Jackson,* 141 Ohio St.3d 171, 2014–Ohio–3707, 23 N.E.3d 1023, ¶ 143. The state must nevertheless prove beyond a reasonable doubt that the defendant committed the alleged crime in the county where the indictment was returned and the trial held. *Headley*, 6 Ohio St.3d at 477. Therefore, unless the state proves beyond a reasonable doubt that the defendant committed the alleged crime in the county where the trial was held, the defendant cannot be convicted. *Hampton* at ¶ 19; *State v. Nevius*, 147 Ohio St. 263, 71 N.E.2d 258 (1947), paragraph three of the syllabus ("A conviction may not be had in a criminal case where the proof fails to show that the crime alleged in the indictment occurred in the county where the indictment was returned."). Despite the requirement that the state establish venue, the defendant may waive the right to be tried in the county where the crime allegedly occurred.

**{¶25}** "Ideally, the prosecution will establish venue with direct evidence." *State v. Quivey*, 4th Dist. Meigs No. 04CA8, 2005–Ohio–5540, ¶ 16, citing *Toledo v. Taberner,* 61 Ohio App.3d 791, 793, 573 N.E.2d 1173 (6th Dist.1989). However, the state need not prove venue "in express terms" so long as "all the facts and circumstances in the case" establish, "beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the indictment." *State v. Dickerson*, 77 Ohio St. 34, 82 N.E. 969 (1907), paragraph one of the syllabus; *Headley*, 6 Ohio St.3d at 477; *see also State v. Mercer*, 4th Dist. Ross No. 14CA3448, 2015-Ohio-3040, ¶ 7-11. Circumstantial evidence may be used to establish venue. *State v. Wood*, 2nd Dist. Clark No. 2016-CA-69, 2018-Ohio-875, ¶ 23.

**{¶26}** The venue statute R.C. 2901.12 provides:

(A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and, except in cases of emergency under section 1901.028, 1907.04, 2301.04, or 2501.20 of the Revised Code, in the territory of which the offense or any element of the offense was committed.

(B) When the offense or any element of the offense was committed in an aircraft, motor vehicle, train, watercraft, or other vehicle, in transit, and it cannot reasonably be determined in which jurisdiction the offense was committed, the offender may be tried in any jurisdiction through which the aircraft, motor vehicle, train, watercraft, or other vehicle passed.

**{¶27}** Under R.C. 2901.12(A), Wells can be tried in the territory of which any element of the offense was committed. One of the elements of tampering with evidence is knowledge of an official proceeding or investigation in progress or likely to be instituted. Wells knew the moment he left his residence, traveled in the opposite direction of the Bureau, and failed to report to the Bureau that an official proceeding or investigation was likely to be instituted. This element of tampering occurred in Lawrence County, Ohio. Thus, under R.C 2901.12(A), venue was proper in Lawrence County.

**{¶28}** Additionally, Wells was in a motor vehicle in transit when he tampered with the electronic monitoring unit. The monitoring report and testimony of Lawrence County Bureau of Community Corrections employee, Jon Sexton, established that Wells started out at his residence in Lawrence County and then traveled eastbound on U.S. 52 instead of westbound towards the Bureau. A "strap tampering" alarm was sent from Wells's monitoring unit approximately four minutes after Wells left his residence, alerting authorities that Wells's monitoring unit had been tampered with while Wells was still traveling through South Point. Sexton testified that there were four traffic lights between Wells's residence and along U.S. 52 in Lawrence County and the road is frequently congested.

{¶29} However, on cross examination, Sexton agreed that the monitoring report placed Wells in South Point when the "strap tamper" alarm occurred and then, the following minute, reported that Wells was in Huntington, West Virginia. Sexton testified that because there can be a slight lag time between when the device signals an alarm and when the alarm is recorded on the report, it was possible that Wells was in West Virginia when the tampering occurred. Another Bureau of Community Corrections employee, Carl Bowen, also testified that because of the proximity of Wells to West Virginia when the "strap tamper" alarm occurred and the possibility of a slight lag time in reporting, Wells may have tampered with the monitoring unit in West Virginia.

{¶30} Under R.C. 2901.12(B), when the offense or any element of the offense was committed in a motor vehicle in transit and it cannot reasonably be determined in which jurisdiction the offense was committed, the offender may be tried in any jurisdiction through which the motor vehicle passed. Due to possible lag times in reporting, both Bureau employees testified it was possible the Wells tampered with the monitoring unit in West Virginia. Even if it cannot reasonably be determined in which jurisdiction the tampering was committed, Wells may be tried in any jurisdiction he traveled through. Because Wells started out in Lawrence County, Ohio and traveled to Huntington, West Virginia, he could be tried in Lawrence County. *See State v. Brown,* 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 32-35 (2d Dist.) (an individual driving from Dayton to Cleveland is in transit and the offense could be charged in any county along that passageway).

{¶31} There was substantial evidence for the jury to find that Wells committed the offense or an element of the offense of tampering with evidence in Lawrence County and that he committed the offense in a motor vehicle in transit that passed through Lawrence

County.    Venue was proper in Lawrence County, Ohio. The trial court did not err in denying Wells's Crim.R. 29 motion for acquittal. The jury did not lose its way, nor was there a manifest miscarriage of justice. Accordingly, we find Appellant's tampering with evidence conviction was not against the manifest weight of the evidence.

### IV. CONCLUSION

{¶21}  We overrule Wells's assignment of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

### JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
       Michael D. Hess, Judge


### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**